531 A.2d 1183

Landy & Zeller, Attorneys at Law, Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 18, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*William J. Flannery,* with him, *Audrey F. Miner, Morgan Lewis & Bockius,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

Opinion by Judge MacPhail, October 8, 1987:

Landy & Zeller, Attorneys at Law (Employer) petition for our review of an order of the Unemployment Compensation Board of Review (Board) which granted benefits to Robin J. Palermo (Claimant). The Board, in awarding benefits, reversed a referee's determination that Claimant was discharged for willful misconduct and, thus, was ineligible for benefits under Section 402 (e) of the Unemployment Compensation Law (Law).[1]

Claimant was employed as a secretary by Employer from February, 1984 through April 15, 1986 when she was discharged following her failure to properly notify Employer on two occasions of vacation work absences. The record reflects that, during 1985, Claimant took a five-month leave of absence for Army Reserve duty. Employer hired another secretary during Claimant's leave period. Upon her return to work with Employer in December, 1985, Claimant's work load was diminished significantly. The Board found that, as a result of Claimant's lightened work load, she became concerned regarding the long term security of her position with Employer and consequently began a job search.

On April 4, 1986, Claimant took a half day of vacation, and on April 11, 1986, she took a full day of vacation in connection with her job search. Claimant provided minimal advance notice and no explanation regarding the reasons for her request for vacation time, although it is undisputed that she had adequate vacation time accrued. Employer's policy, of which Claimant concedes she was aware, was to require three weeks prior notification of absences for vacation.

The referee concluded, based on these facts, that Claimant was discharged for violating Employer's policy

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

regarding vacation time. The referee particularly noted that Claimant gave no explanation as to why she needed vacation time on such short notice. Benefits were, accordingly, denied under the willful misconduct provision of the Law.

On appeal, the Board reversed based on its conclusion that Claimant's conduct did not rise to the level of willful misconduct under the circumstances presented. The Board reasoned that "[t]he actions of the claimant on April 4 and 11, 1986 were much in the interests of the employer who did not wish to continue paying two secretarial salaries. If claimant had reported to the office, it is unlikely there would have been any work to do."

Our scope of review is to determine whether the Board has committed an error of law or rendered fact findings which are not supported by substantial evidence.[2] Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. It is, of course, Employer's burden to establish willful misconduct, and Claimant, as the prevailing party below, is entitled to the benefit of all logical inferences which can be drawn from the evidence. *Sonat Marine, Inc. v. Unemployment Compensation Board of Review*, 92 Pa. Commonwealth Ct. 404, 499 A.2d 718 (1985).

It appears to be undisputed that Claimant, in fact, did violate Employer's known policy regarding notice for vacation time. Such conduct, as established by prior case law, clearly constitutes willful misconduct. *Fanelly v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 110, 422 A.2d 1214 (1980). The Board's decision, however, apparently reflects its con-

---

[2] Contrary to Employer's argument in its brief, and as noted by way of footnote in that brief, the capricious disregard standard is no longer a part of our scope of review. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

clusion that the actual reason for Employer's discharge of Claimant was not her violations of the rule on vacation time, but rather, Employer's desire to eliminate an unneeded secretarial position on its staff. We have previously ruled that the employer's burden in cases of willful misconduct includes the burden to prove that the infraction involved was the actual reason for the discharge. *Panaro v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 19, 413 A.2d 772 (1980); *Tundel v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 312, 404 A.2d 434 (1979).

Our review of the record reveals that the only evidence which could possibly support the Board's finding that the reason for Claimant's discharge was Employer's desire to eliminate an unneeded staff position was Claimant's subjective belief that she was actually discharged for a lack of work, in addition to Employer's admission that Claimant's work load had diminished after her return from leave. While it may be logical to conclude from these facts that Claimant was underworked, we do not think that it is reasonable to therefore draw the conclusion that Claimant's clear rule violations were not the actual basis for her dismissal. In short, we do not believe that the record before us provides substantial evidence to support the Board's critical fact finding that following Claimant's unauthorized absences "employer, not needing two secretaries, took this opportunity to discharge Claimant saying that she did not give the requisite three weeks notice for vacation time." Fact finding No. 6.

We, accordingly, conclude that the Board erred when it rejected the referee's findings and conclusion that Claimant's rule violations were the reason for her discharge and that Claimant's conduct, as a matter of law, constituted willful misconduct. We observe at this

juncture that our Supreme Court, while acknowledging the Board's role as ultimate fact-finder, has cautioned that the Board may not simply disregard findings made by the referee which are based on uncontradicted and consistent testimony without stating its reasons for doing so. *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982). We believe that the Board has failed to adequately support its reasons for rejecting the referee's findings in the instant matter.

Since the evidence clearly supports the conclusion that Claimant committed willful misconduct by violating, on two occasions, the known vacation policy of her Employer, we are constrained to reverse.[3]

ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.

---

[3] We observe that the issue of good cause for Claimant's rule violations was not specifically raised in the proceedings below. We note in this regard that Claimant's failure to provide an explanation for her unauthorized absences when asked by Employer would appear to prevent a finding of good cause in this case. We have held that:

> [I]nformative communication with the employer may be a factor in sustaining the employee's burden to establish good cause for a violation, and, in those situations, the employee, where feasible, must notify his employer of the reason for refusing to comply with rules, unless the reason for noncompliance is self-evident, or unless the employer is independently aware of the circumstances warranting noncompliance.

*Bortz v. Unemployment Compensation Board of Review*, 76 Pa. Commonwealth Ct. 436, 438, 464 A.2d 609, 610-11 (1983).