949 A.2d 338 (2008)
DUCTMATE INDUSTRIES, INC., Petitioner
v.
UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.
No. 1912 C.D. 2007
Commonwealth Court of Pennsylvania.
Submitted on Briefs February 8, 2008.
Decided March 12, 2008.
Publication Ordered June 5, 2008.
*340 Kimberly A. Craver, Pittsburgh, for petitioner.
Janet M. Tarczy, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.
BEFORE: SMITH-RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.
OPINION BY Judge SIMPSON.
Ductmate Industries, Inc. (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) granting Michael Prodroskey (Claimant) unemployment compensation benefits. A referee denied Claimant benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] on the ground Claimant committed willful misconduct when he refused a work assignment in violation of a known work rule. On Claimant's appeal, the Board reversed, concluding Employer did not provide Claimant a reasonable opportunity to comply with its directive and, thus, he did not commit willful misconduct. In this appeal, Employer asserts Claimant failed to preserve any issues in his appeal to the Board; the record does not support the Board's findings of fact; and, Claimant's refusal of a work assignment constituted willful misconduct as a matter of law. Discerning no error, we affirm.
Employer manufactures door frames and operates two primary assembly lines: round doors and square doors. Claimant worked primarily in the square door section. On March 27, 2007, Claimant played a prank by placing a coworker's door frame on a rack out of his reach. The coworker reported Claimant to the crew leader, who directed Claimant to retrieve the door frame. The crew leader also told Claimant that when he was finished with his work, "venture on over to Round doors." Finding of Fact (F.F.) No. 10. Claimant responded he would rather not work at all than in the round door section. Claimant continued to work at his assigned station.
Observing Claimant did not report to the round door section, the crew leader approached the production manager and informed him of the situation. Both men met with the plant manager. After being confronted with the events, Claimant admitted he told the crew leader he did not want to work in the round door section. Employer immediately discharged Claimant from work on the basis he violated Employer's work rule prohibiting employees from refusing assigned tasks.
Claimant applied for unemployment compensation benefits. Based on Claimant's and Employer's initial filings, the *341 Service Center granted Claimant benefits. Employer appealed.
Before the referee, the parties did not dispute the occurrence of the above events. However, they disagreed as to the exchange between Claimant and the crew leader, and the manner in which it took place. The crew leader testified he told Claimant to immediately report to the round door section. By removing Claimant from the area, the crew leader wanted to defuse the situation and keep an eye on Claimant.
In response, Claimant admitted he told the crew leader he did not want to work in the round door section. However, Claimant made his remarks jokingly to relieve tension. In addition, Claimant testified the crew leader told him "when you're finished over here, then venture on over to Round doors." F.F. No. 10. Claimant understood the crew leader's comment to mean he should finish his current assignment before reporting to the round door section. Claimant estimated he had another 45 minutes of work to perform.
The referee granted Employer's appeal and reversed the service center's award of benefits. Claimant appealed to the Board. In his petition for appeal, and of particular note here, Claimant's reasons for appeal indicated only that he "did not agree with [the] Referee's decision." Certified Record (C.R.) Item 10. Claimant failed to provide any specific basis for his appeal.
The Board found as follows. Employer has a work rule prohibiting an employee from refusing to perform an assigned duty and Claimant knew or should have known of this rule. Claimant, as a joke, indicated to the crew leader he would rather not work than report to the round door section. Claimant continued to work at his current assignment and had 45 minutes of work to perform. Within 30 minutes of the incident, however, Employer discharged Claimant.
The Board credited Claimant's testimony that he understood the crew leader's directive to mean he should report to round doors when finished with his current assignment. Given Claimant had 45 minutes of remaining work and Employer's hasty discharge, the Board found Employer did not provide Claimant a sufficient opportunity to comply with the crew leader's directive. The Board concluded Claimant's conduct did not rise to the level of willful misconduct. Accordingly, it reversed the denial of benefits.
Employer now appeals.[2] It seeks reversal of the Board's decision on three bases: Claimant failed to properly preserve any issues for review in his appeal to the Board; the record does not support the Board's findings; and, Claimant's conduct, refusal of a work assignment, constitutes willful misconduct as a matter of law.
Initially, we note, Section 402(e) of the Law states: "[a]n employe shall be ineligible for compensation for any week  [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." Our Supreme Court defines willful misconduct as behavior that evidences a willful disregard of the employer's interests, a deliberate violation of the employer's work rules, or a disregard of standards of behavior that the employer can rightfully expect from its employees. Caterpillar, Inc. v. Unemployment Comp. Bd. of Review, 550 Pa. 115, 703 A.2d 452 *342 (1997). When asserting discharge due to a violation of a work rule, an employer must establish existence of the rule and its violation. Lausch v. Unemployment Comp. Bd. of Review, 679 A.2d 1385 (Pa.Cmwlth. 1996). The employer bears the initial burden of proving a claimant engaged in willful misconduct. Frazier v. Unemployment Comp. Bd. of Review, 833 A.2d 1181 (Pa. Cmwlth.2003). Whether a claimant's actions rise to the level of willful misconduct is a question of law fully reviewable on appeal. McLean v. Unemployment Comp. Bd. of Review, 476 Pa. 617, 383 A.2d 533 (1978).
Further, the Board is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. Dumberth v. Unemployment Comp. Bd. of Review, 837 A.2d 678 (Pa. Cmwlth.2003) (en banc). It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Minicozzi v. Workers Comp. Appeal Bd. (Indus. Metal Plating, Inc.), 873 A.2d 25 (Pa.Cmwlth. 2005). Where substantial evidence supports the Boards findings, they are conclusive on appeal. Pa. Liquor Control Bd. v. Unemployment Comp. Bd. of Review, 879 A.2d 388 (Pa.Cmwlth.2005). Claimant, as the prevailing party below, is entitled to the benefit of all reasonable inferences drawn from the evidence. Landy & Zeller, Attorneys at Law v. Unemployment Comp. Bd. of Review, 110 Pa.Cmwlth. 183, 531 A.2d 1183 (1987).

I.
Employer first asserts Claimant failed to preserve any issues in his appeal to the Board. Board regulation 101.102, 34 Pa.Code § 101.102, provides that a party appealing a decision of the referee shall do so in accordance with regulation 101.81. In turn, Section 101.81(c)(4) requires an appealing party to set forth the reasons for appeal. 34 Pa.Code § 101.81(c)(4).
Urging strict application of the regulation, Employer relies on Merida v. Unemployment Compensation Board of Review, 117 Pa.Cmwlth. 181, 543 A.2d 593 (1988), for the proposition Claimant's non-specific disagreement with the referee's decision was insufficient to preserve any issues for Board review. Because of Employer's reliance, we review that decision in more detail.
In Merida, the referee held a hearing at which only the claimant participated. At the close of the hearing, the referee learned the employer's representatives were in the waiting area but had not been admitted to the hearing room. Consequently, the referee scheduled a second hearing to which the claimant objected. The referee subsequently rendered a decision in favor of the employer. Importantly, the referee did not address the propriety of the second hearing.
The claimant appealed to the Board merely stating he did not "agree with [the referee's] decision." Id. at 594. The Board affirmed on the merits. In dictum, however, the Board noted the referee properly scheduled the second hearing because the employer suffered prejudice when it was not ushered into the hearing room.
On his subsequent appeal to this Court, the claimant argued the referee erred by conducting the second hearing. In response, the Board asserted the claimant waived the issue. We ultimately agreed with the Board that the claimant's non-specific disagreement with the referee's decision failed to preserve any issues on *343 appeal. Because the referee did not address the propriety of the second hearing in his decision, and the claimant made numerous objections throughout the second hearing, we held the Board could not be charged with scouring the record to determine every possible basis for the claimant's appeal. Employer here relies on Merida because Claimant used similar general language in his appeal to the Board.
The Board posits, and we agree, the facts here are more like those in Black Lick Trucking, Inc. v. Unemployment Compensation Board of Review, 667 A.2d 454 (Pa.Cmwlth.1995). The job center denied the claimants benefits under Section 402(d) of the Law, relating to the denial of benefits due to work stoppage caused by a labor dispute. 43 P.S. § 802(d). The referee also denied benefits based on the work stoppage issue.
The claimants appealed to the Board, baldly asserting "errors of law and fact" did not support the referee's determination. The Board affirmed. On further appeal to this Court, the employer argued the claimants stated reasons for appeal were insufficient to preserve any issues for review. Id. at 456.
We rejected the employer's waiver claims. Reviewing Board regulations 101.107(b)[3] and 101.87,[4] we concluded that because the job center and the referee addressed the claimants' participation in a work stoppage, the Board was not precluded from addressing that issue despite the claimants' inartful appeal. See also Jordan v. Unemployment Comp. Bd. of Review, 119 Pa.Cmwlth. 375, 547 A.2d 811 (1988) (interpreting Board regulations to mean a referee should review all issues addressed by the job center and the Board should review all issues the referee considered).
Here, although Claimant's appeal to the Board did not raise any issue specifically, the job center and the referee considered whether Claimant engaged in willful misconduct. In addition, the parties raised no objections during the proceedings. Thus, the Board properly considered Claimant's appeal. Black Lick Trucking, Inc.

II.
Employer further asserts the record does not support the Board's findings. In particular, Employer challenges the following findings:
10. As a result of this joke, the crew leader sought to separate [Claimant] from the coworker and he told [Claimant], "when you're finished here, then venture on over to Round Doors."
. . .
12. [Claimant] responded that he did not want to leave his current assignment and made a joke that he would rather not work at all.
. . .
14. Within 30 minutes of this incident, the crew leader and two other supervisors met with [Claimant] to notify him that he was terminated effective immediately for a violation of [Employer's *344 work rule]: failure to perform work assigned to him.
Bd. Op., 9/12/07, at 2 (emphasis added).
Regarding findings numbers 10 and 12, Employer takes issue with the Board's characterization of Claimant's conduct as a joke. While Employer believes its witnesses credibly testified Claimant's actions were not cause for amusement,[5] the Board rejected Employer's evidence in favor of Claimant's credited testimony that his actions were in jest. Bd. Op., 9/12/07 at 3. The record supports the Board's finding. Notes of Testimony (N.T.), 5/17/07, at 13, 22. Claimant's credited testimony also supports the Board's finding that the crew leader told Claimant to report to round doors after he finished his current assignment. Id. As fact-finder, the Board was free to accept Claimant's testimony as credible and persuasive. Dumberth.
Regarding finding number 14, Employer disputes any evidence exists to support a finding Employer discharged Claimant's within 30 minutes of the incident. This point is well-taken, as we find no direct evidence to support this finding. Nevertheless, the Board could reasonably infer Employer acted without delay, based on the following circumstances.
Employer's crew leader testified after Claimant refused the work assignment, he called his production manager who arrived within "five minutes" of the incident. N.T. at 6. At that point, the crew leader, production manager and plant manager discussed the matter and confronted Claimant. Id. at 6, 9. Employer then discharged Claimant. Also, Claimant credibly testified his remaining work in the square door section would take 45 minutes. F.F. No. 13; N.T. at 22. However, Employer discharged Claimant before he finished the assignment.
In sum, the Board could properly infer Employer discharged Claimant within a short period of time after the incident.[6] As the prevailing party, Claimant is entitled to this inference. Landy & Zeller, Attorneys at Law. Thus, we discern no reversible error.

III.
In its final challenge, Employer alleges error in the Board's award of benefits under Section 402(e) where the record proves Claimant engaged in willful misconduct. More specifically, Employer proved a work rule prohibiting employees from refusing assignments, the reasonableness of the rule, and Claimant's knowledge of it. F.F. Nos. 3, 4; N.T. at 11, 12. Employer contends that Claimant violated the rule by refusing to report to round doors. Moreover, two supervisors observed Claimant working in the square door section after the crew leader told him to report to round doors.
The issue of willful misconduct is a question of law based on the Board's findings of fact. See Nevin Trucking v. Workmen's Comp. Appeal Bd. (Murdock), 667 A.2d 262 (Pa.Cmwlth.1995). Here, the Board did not find Claimant violated Employer's *345 work rule. This is not surprising in light of Claimant's credible testimony the crew leader told him to report round doors "when [he was] finished" with his current assignment. F.F. No. 10 (emphasis added). Believing he was to finish his work before reporting to another work area, Claimant neither deliberately disobeyed the crew leader's directive nor violated the work rule. Employer therefore failed to prove willful misconduct.
Based upon the foregoing, we affirm the Board's order granting Claimant unemployment compensation benefits.

ORDER
AND NOW, this 12th day of March, 2008, the order of the Unemployment Compensation Board of Review is AFFIRMED.
NOTES
[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e).
[2] We are limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Johnson v. Unemployment Comp. Bd. of Review, 869 A.2d 1095 (Pa.Cmwlth.2005).
[3] 34 Pa.Code § 101.107(b) provides in relevant part:

The Board shall consider the issues expressly ruled upon in the decision from which the appeal was filed.
[4] 34 Pa.Code § 101.87 provides, in pertinent part:

When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed.
[5] Employer also asserts Claimant's prank constituted willful misconduct. However, because Employer did not discharge Claimant for this reason, it cannot provide the basis for a denial of benefits. See Browning-Ferris Indus. of Pa., Inc. v. Unemployment Comp. Bd. of Review, 127 Pa.Cmwlth. 323, 561 A.2d 856 (1989) (not only is an employer required to prove the claimant committed an act constituting willful misconduct, it must also prove it actually discharged the claimant for the act in question).
[6] See also Employer's Brief at 17 (crew leader immediately notified production supervisor of Claimant's actions and, in turn, production manager immediately informed plant manager).