# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Ball Supports Coordination,    :
           Petitioner    :
                              :
             v.                 :    No. 1086 C.D. 2015
                              :    SUBMITTED: December 31, 2015
Unemployment Compensation      :
Board of Review,                   :
           Respondent    :

BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                      **FILED: March 7, 2016**

Employer, Casey Ball Supports Coordination, petitions this Court for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision and determined that Claimant, Carol Resnick,[2] is not ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law)[3] for reasons of willful misconduct connected with her work.

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] Claimant was granted intervention in this case.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. 1937 (2897), *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee is ineligible for compensation for

**(Footnote continued on next page…)**

The Board, which is the ultimate factfinder in cases of unemployment compensation law,[4] found in pertinent part as follows. Claimant last worked for Employer as a service coordinator from October 15, 2014, until January 21, 2015.[5] Employer has a policy prohibiting "the unauthorized use of agency or consumer supplies, information, equipment, funds or passwords." Board's Finding of Fact (FF), No. 3. Service coordinators are assigned to cases and are permitted to work only on cases that they have been assigned. Claimant worked as a service coordinator from her home. She worked with a provider called Lowenhill on some of her assignments. Someone from Lowenhill contacted Claimant with a complaint about a case to which she was not assigned; Claimant referred the provider to her direct supervisor. Afterwards, Employer's "director of service coordinators" spoke to someone from Lowenhill regarding the complaint, and Lowenhill informed the director that it wanted to switch from a current service coordinator to Claimant due to "performance issues." FF, No. 7. The director contacted the consumer because the consumer must approve all changes. The consumer was confused and "did not know what was going on." FF, No. 8. The director believed Claimant was trying to "poach consumers from other coordinators" in order, eventually, to open an agency for herself and to take the consumers along. FF, No. 9. The director told the CEO of her suspicions, and the CEO called Claimant and advised Claimant that she was

---

**(continued…)**
any week in which her unemployment is due to discharge for willful misconduct connected with her work.

[4] *See Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383 (Pa. 1985).

[5] Casey Ball is CEO of Employer "Casey Ball Supports Coordination," which "provide[s] service coordination to individuals [*aka* consumers] that are eligible for waiver services." *See* Notes of Testimony, Testimony of Casey Ball, April 7, 2015, at 5-6. For example, Employer might coordinate services between a consumer and an "end provider," such as nursing services. *Id.* at 6.

being discharged because "she 'did not represent the values of the company.'" FF, No. 10.

The Department of Labor & Industry determined that Claimant was not ineligible for benefits under section 402(e). On appeal by Employer, the referee affirmed. On further appeal, the Board issued its decision mailed May 27, 2015, as recounted above. The Board reasoned that Claimant did not violate Employer's policy against "the unauthorized use of agency or consumer information" by trying to start her own business and working with Lowenhill to develop a client list. Board Decision, at 2-3. Instead, the Board found that Claimant offered credible testimony that she received a complaint from Lowenhill and, because Lowenhill's complaint was related to a client to whom Claimant was not assigned, she merely referred the matter to her supervisor. The Board stated in this regard: "The Board resolves this issue in favor of the claimant, and finds the record lacks any credible evidence that the claimant started a business, planned to start a new business, or had any agreement with Lowenhill. The employer did not establish a policy violation." *Id.* at 3. The Board also noted that Claimant was primarily discharged because the CEO believed Claimant was working with Lowenhill to acquire information about other people who received services from Employer. The Board determined, however, that Employer failed to present evidence of a "non-compete" agreement and that Employer's policy against disclosing its confidential information to competitors was inapplicable to this case. The Board thus affirmed the referee's decision that Claimant was not ineligible for benefits under section 402(e).

On appeal to this Court, Employer argues that the Board erred in determining that Claimant was not ineligible for benefits because Employer's

Director of Service Coordination testified that Claimant was starting her own agency, solicited the director to join her, and further solicited clients in order to develop a client base for the new enterprise. Employer asserts that Claimant's actions violated Employer's rules, set forth in its handbook, against breaching the confidentiality of both agency and consumer information obtained by Claimant while working for Employer. Employer also maintains that Claimant's actions were disobedient and disloyal and in clear derogation of Employer's standards of behavior as well as of Claimant's responsibilities towards Employer.[6]

It is beyond cavil that, regardless of whether Employer's policy against leaking confidential information to competitors bound Claimant the way a non-compete agreement might, the Board's credibility determination in Claimant's favor controls. Critically, the Board determined that "the record lacks any credible evidence that the claimant started a business, planned to start a new business, or had any agreement with Lowenhill [to share confidential information]." Board Decision, at 3. While, on cross-examination by Employer's lawyer, Claimant did not deny that she might start her own agency at some point in the future, *see* Notes of Testimony (N.T.), Referee's Hearing dated April 7, 2015, at 17, Claimant did not definitively state that she planned to start her own agency. *Id.* Moreover, Claimant denied telling the director or anyone else affiliated with Employer that

---

[6] Although the term willful misconduct is not statutorily defined, case law has defined the term as the wanton or willful disregard of the employer's interests, the deliberate violation of the employer's rules, the disregard of standards of behavior that an employer can rightfully expect of its employee, or negligence that indicates an intentional disregard of the employer's interest or the employee's duties or obligations. *Henderson v. Unemployment Comp. Bd. of Rev.*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). Once the employer proves that the claimant committed willful misconduct through his or her violation of a work rule, the burden of proof shifts to the claimant to show good cause for his or her conduct. *Id.* at 718-19.

4

she was going to start her own agency. *Id.* at 16. Claimant also denied soliciting the director to come to an agency with Claimant in the future and denied referring or attempting to refer clients to Lowenhill. *Id.*

In unemployment compensation cases, the Board is the ultimate factfinder, having the power to weigh the evidence, resolve all conflicts in the evidence, and assign witness credibility. *Ductmate Indus. v. Unemployment Comp. Bd. of Rev.*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). It matters not whether there is evidentiary support for factual findings other than those made by the factfinder; the essential query is whether there is evidence to support the findings that were made. *Id.* Because, in the matter *sub judice*, there is sufficient record evidence for the Board to find in favor of Claimant and determine that Claimant did not violate Employer's policy against sharing confidential agency and consumer information, we discern no error. Accordingly, we affirm.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Ball Supports Coordination,   :
                             Petitioner   :
                                             :
                      v.                       :   No. 1086 C.D. 2015
                                             :
Unemployment Compensation   :
Board of Review,   :
                          Respondent   :

# **O R D E R**

AND NOW, this 7th day of March, 2016, the order of the Unemployment Compensation Board of Review is hereby affirmed.

 

                                        _____

                                          **BONNIE BRIGANCE LEADBETTER,**
                                          Judge