# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henry K. Johnson,                         :
                  Petitioner    :
                                 :
       v.                                    :   No. 1841 C.D. 2016
                                 :   Submitted: September 1, 2017
Unemployment Compensation       :
Board of Review,                          :
                  Respondent    :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: January 19, 2018**

Henry K. Johnson (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision finding Claimant ineligible for unemployment compensation (UC) benefits under Section 402(e) of the Unemployment Compensation Law.[1]  The Board found Claimant's error in dispensing medication to a client constituted willful misconduct. Claimant argues that he was denied his due process rights and that the Board's decision is not supported by substantial evidence.  Upon review, we affirm.

## I. Background

Elwyn Inc. (Employer) employed Claimant as a full-time life skills associate from 2000 until 2016.  Claimant's job included dispensing medications to

---

[1]  Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

clients.  In August 2014, Claimant received a three-day suspension for a medication error.  The suspension letter stated that another error could lead to termination.

Relevant here, in May 2016, Claimant made another medication error by signing a record stating he dispensed a client medication when he did not. Employer obtained an investigation of the incident, after which it terminated Claimant's employment.

Claimant applied for UC benefits.  In his initial telephone interview with the Department of Labor and Industry (Department), he admitted the medication error, saying he was confused.

In its telephone interview with the Department, Employer stated it discharged Claimant because of a medication error.  Employer explained that Claimant initialed a medication record stating he gave a medication that he did not actually give.  Notably, Employer stated it provided a requisite prior warning in August 2014.

The Department issued a Notice of Determination denying benefits, finding Claimant violated Employer's rules because he was confused.  Claimant appealed.

A referee conducted a hearing.  At the hearing, Employer's representative stated Employer obtained an outside investigation concerning the medication error.  Employer relied on the results of the investigation in deciding to

discharge Claimant. However, Employer did not produce the investigation report or any of the supporting documentation, and it did not present testimony from the investigator.

Employer submitted in evidence its written progressive discipline policy concerning medication errors. Under the policy, a further medication error following a prior suspension carried a penalty of discharge from employment. Certified Record (C.R.), Ref. Hr'g, 7/29/16, Ex. E-5. Employer's representative testified that Claimant was informed of the policy.

Employer also placed into evidence an August 2014 letter notifying Claimant of his suspension and warning that he could be terminated if he made another error. Employer's representative testified that Claimant made a medication error in May 2016, and because his file contained a record of his prior suspension, discharge was the next step under Employer's discipline policy. Consistent with Employer's prior statement to the Department, Employer's representative testified that the 2014 suspension was the warning Claimant received prior to discharge.

The referee determined Claimant committed willful misconduct. The referee found that Claimant forgot to give medication, and that in light of his prior warning, he did not have good cause for the error.

Claimant filed a timely appeal to the Board, asserting that the record did not support the referee's determination of willful misconduct. Claimant requested the taking of additional evidence, but the Board denied the request.

The Board affirmed the referee's decision, issuing its own findings. The Board determined that Claimant's failure to give the medication constituted willful misconduct because Claimant recorded that he gave a medication when he did not. The Board inferred from the false record that Claimant's conduct was deliberate.

Claimant filed a request for reconsideration, which the Board denied. Claimant then filed a timely petition for review with this Court.

## II. Issues

Claimant presents three issues on appeal.[2] We summarize them as follows: (1) the Board violated Claimant's due process rights because he did not receive copies of investigation documents on which Employer relied in making its termination decision; (2) the Board lacked substantial evidence that Claimant made a medication error; and, (3) the Board lacked substantial evidence for its determination that Claimant engaged in willful misconduct.

_____

[2] Our review of a final decision by the Board is limited to determining whether the Board lacked substantial evidence for a material finding of fact, made an error of law, violated the petitioner's constitutional rights, or failed to follow agency procedures. Ductmate Indus. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). Substantial evidence is relevant evidence sufficient to allow a reasonable mind to reach a conclusion. Kauffman Metals, LLC v. Dep't of Labor & Indus., 126 A.3d 1045 (Pa. Cmwlth. 2015), appeal denied, 135 A.3d 588 (Pa. 2016).

The Board is the ultimate finder of fact, resolving all issues of credibility, conflicting evidence, and evidentiary weight. Ductmate. The question is not whether the evidence would support different findings from those made by the Board, but rather, whether the record evidence supports the findings the Board actually made. Id.

4

## III. Discussion

## A. Due Process

Claimant first argues that the Board violated his due process rights because he did not receive a copy of Employer's investigation report and related documents. We disagree.

The record reveals that Claimant asked about the report at the referee's hearing; however, he did not specifically request a copy. See C.R., Ref. Hr'g, Notes of Testimony (N.T.) at 12. Similarly, in his appeal to the Board, Claimant did not request a copy of the investigation report, even though he did request a copy of the hearing transcript. See C.R., Item No. 12 (Petition for Appeal) at 4. Claimant cites no authority entitling him to receive information he did not request. As the record does not indicate any request by Claimant for the investigation report, its absence did not deprive him of any right.

## B. Substantial Evidence

In his next argument, Claimant contends that the Board lacked substantial evidence for its finding that Claimant committed a medication error. The Board found that Claimant admitted the error, but Claimant insists he merely acknowledged Employer's representations of what happened.

Claimant argues that the Board improperly relied on hearsay evidence of Claimant's error. At the hearing, Employer acknowledged that it conducted an investigation of Claimant's error, but Employer did not offer testimony from its

5

investigator or produce the investigative report and related documents. However, Claimant did not raise a hearsay objection at the hearing.

Claimant later raised the absence of the investigative information with the Board, not as a hearsay objection, but as the basis for his remand request. He argued the record was incomplete and more information was needed on the question of whether Claimant made a medication error. The Board denied the remand request because it found Claimant admitted his mistake, thereby obviating any need for a remand. Thus, the Board relied on Claimant's admission of the medication error, not on Employer's purported hearsay testimony.

The record contains substantial evidence supporting the Board's determination that Claimant admitted his medication error. He expressly admitted it in his initial Department questionnaire. C.R., Item No. 2 (Claimant Questionnaire) at 1. Further, at the hearing before the referee, Employer's representative testified Claimant told her he forgot the medication and he was sorry. C.R., N.T. at 13. Claimant's own testimony was equivocal. First, he stated he did not give the medication, id. at 16; later, he stated he did give it, id. at 17; finally, he said he did not remember, id. at 19. The Board resolved the conflicting testimony and issues of credibility in Employer's favor, as it was entitled to do. We will not disturb the Board's findings of fact. See Ductmate Indus. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008).

## C. Willful Misconduct

Lastly, Claimant argues the Board erred in finding that he committed willful misconduct. We reject this argument.

"Willful misconduct" for purposes of UC benefits eligibility, is: (1) wanton and willful disregard of the employer's interest; (2) deliberate violation of rules; (3) disregard of standards of behavior an employer rightfully expects; or, (4) negligence manifesting culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. Geisinger Health Plan v. Unemployment Comp. Bd. of Review, 964 A.2d 970 (Pa. Cmwlth. 2009) (en banc). Whether specific conduct constitutes willful misconduct is a question of law, which is reviewable by this Court. Id.

The employer has the burden of proving willful misconduct. Id. If the misconduct consists of violating a rule, the employer must show that the rule existed, the employee was aware of the rule, and the employee violated the rule. Id.

In this case, Claimant's responses to the initial Department questionnaire were sufficient to sustain Employer's burden. Claimant admitted: (1) he was discharged for a rule violation; (2) the rule violation was a medication error; (3) he was or should have been aware of the rule; (4) a prior warning was given; and, (5) the violation required discharge or suspension. C.R., Item No. 2 (Claimant Questionnaire) at 1. Moreover, Employer provided ample corroborating testimony and documentary evidence at the hearing. The Board was entitled to credit that evidence.

Claimant signed the medication administration record stating he gave the medication when he did not. The Board inferred from that conduct that Claimant's conduct was deliberate. This Court examines the evidence in the light most favorable to Employer as the party that prevailed before the Board, giving Employer the benefit of any inferences that can logically and reasonably be drawn from the evidence. Danielle Viktor, Ltd. v. Dep't of Labor & Indus., Bur. of Emp'r Tax Operations, 892 A.2d 781 (Pa. 2006). We conclude the Board's inference of willful misconduct, based on Claimant's conscious act of signing a false medication record, could logically and reasonably be drawn from the evidence in this case.

Claimant also argues that Employer admitted there was no willful misconduct because it stated in its questionnaire response that the reason for the discharge was unsatisfactory performance rather than willful misconduct. However, Employer also stated in that same response that Claimant signed a record stating that he gave medication when he did not. Moreover, Employer's characterization of Claimant's conduct in the questionnaire response was not binding on the Board, which was free to find willful misconduct based on the evidence. See McDonough v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 1231 C.D. 2011, filed February 24, 2012), 2012 WL 8678944 (unreported) (questionnaire responses by employer in telephone interview, answering "no" on whether there was misconduct, did not prevent a finding of willful misconduct); Williams v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 390 C.D. 2009, No. 391 C.D. 2009, filed October 15, 2009), 2009 WL 9102298 (unreported) (if employer's questionnaire responses

differ from other evidence, the Board is free to give more weight to the other evidence).[3]

Accordingly, the Board did not err in concluding that Claimant committed willful misconduct.

## IV. Conclusion

Based on the foregoing, we affirm the Board's decision.

_____
ROBERT SIMPSON, Judge

---

[3] We find the reasoning of these unpublished cases persuasive. 210 Pa. Code §69.414(a).

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henry K. Johnson,              :
         Petitioner      :
                        :
       v.                :    No. 1841 C.D. 2016
                        :
Unemployment Compensation   :
Board of Review,           :
         Respondent    :

## O R D E R

**AND NOW**, this 19th day of January, 2018, the decision of the Unemployment Compensation Board of Review is **AFFIRMED**.

ROBERT SIMPSON, Judge