IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Viktoria Sokolovsky,             :
           Petitioner       :
                            :
       v.               :     No. 1337 C.D. 2023
                            :
Unemployment Compensation  :     Submitted: October 8, 2024
Board of Review,             :
           Respondent   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: November 19, 2024

Viktoria Sokolovsky (Claimant), *pro se*, petitions for review of the Unemployment Compensation Board of Review's (Board) October 2, 2023 order affirming a referee decision assessing against Claimant a $7,658 Unemployment Compensation (UC) benefit overpayment for the weeks ending August 22, 2020, through November 28, 2020. Claimant raises a single issue before this Court: whether Claimant is eligible for the benefits she received which she must now repay because they are subject to the Board's determination that she received a non-fault overpayment. After review, we affirm the decision of the Board.

## I.   Facts and Procedural History

Claimant was briefly employed by Amcord Care. She spent two days at the company in training before she quit her job. (Certified Record (C.R.) at 037.) Her last day of work was August 19, 2020. (Finding of Fact (FOF) 1. Referee Decision #

20-09-H-6327, mailed 02/08/2021.) Shortly thereafter, Claimant filed an application for UC benefits effective July 26, 2020. (C.R. at 012.) The Pennsylvania Department of Labor and Industry, UC Service Center (Department), initially found Claimant was not ineligible for benefits pursuant Section 402(b) of the Unemployment Compensation Law, 43 P.S. § 802(b),[1] and paid Claimant benefits in the amount of $342 per week. (C.R. at 012.) However, following a hearing on February 8, 2021, the Referee determined that Claimant was ineligible for benefits under Section 402(b) of the Law because she failed to establish a necessitous and compelling reason for leaving her employment. (C.R. at 037-038.) Claimant appealed the Referee's decision[2] to the Board. On April 29, 2021, the Board affirmed the Referee's decision. (C.R. at 034.) Claimant did not appeal the Board's decision to this Court within 30 days. Consequently, the Board's decision became final.[3]

On February 22, 2021, the Department determined that Claimant had a non-fault overpayment of $ 7,658 (C.R. at 011, 018-021.) On November 16, 2022, Claimant appealed from the Department's non-fault overpayment determination. (C.R. at 030.) On March 16, 2023, the Referee affirmed the Department's determination. (C.R. at 145-48.) Claimant then appealed the Referee's decision to the Board (C.R. at 154-162), which issued an order affirming the Referee's decision on October 2, 2023. (C.R. at 180-81.) Claimant now appeals the Board's October 2, 2023 decision to this Court.

## II. Analysis

This Court reviews the Board's orders to determine whether (a) substantial evidence supports the Board's findings of fact, (b) the Board violated a claimant's

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

[2] The decision was docketed at Appeal No. 20-09-H-6327. (C.R. at 037.)

[3] *See* Pa.R.A.P. 1512(a)(1).

2

constitutional rights, (c) the Board violated agency practice and procedure, or (d) the Board committed an error of law. *See* 2 Pa.C.S. § 704. Generally, it is beyond our Court's scope of review to address questions, other than the validity of a statute, not raised before the Board. *See* 2 Pa.C.S. § 703(a). In addition, the law is well established that "the Board is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. . . . . Where substantial evidence supports the Board's findings, they are conclusive on appeal." *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

Claimant argues on appeal that she is eligible for UC benefits and that the Referee and Board determinations from 2021 finding her ineligible for benefits were incorrectly decided. (Petitioner's Br. at 7.) However, those decisions are not before us. Rather, this case is an appeal from the Board's October 2, 2023 decision[4] affirming the Referee's decision of March 16, 2023. Therefore, the issue currently before this Court is whether the Board erred when it affirmed the Referee's decision regarding the non-fault overpayment. Claimant makes no arguments with respect to this issue.

Claimant failed to appeal the Board's previous 2021 decision finding her ineligible for benefits under Section 402(b) of the Law. However, she cannot use this appeal to collaterally attack the previous determination of the Board. Section 509 of the Law states that any fact or matter in issue in a final decision of a referee, the Board, or the Court, is "conclusive for all purposes . . . and shall not be subject to collateral attack." 43 P.S. § 829. Claimant has not raised any issues before this Court that have not already been finally decided because the Board's decision relating to Claimant's

---

[4] Decision Dkt. No. 2023002059-BR.

ineligibility for benefits has long been final.[5]  Therefore, this Court is precluded from reviewing that decision.

For the reasons stated above, we affirm the decision of the Board.

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] The Board affirmed the determination of the UC Referee on April 29, 2021, finding Claimant ineligible under Section 402(b) of the Law.  (C.R. at 034.)  As noted above, Claimant did not appeal the Board's decision to this Court.

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Viktoria Sokolovsky,         :
         Petitioner     :
                           :
        v.                :    No.1337 C.D. 2023
                           :
Unemployment Compensation  :
Board of Review,          :
         Respondent   :

## *ORDER*

AND NOW, this 19th day of November, 2024, the October 2, 2023 Order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge