# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Abraham,                                   :
                                                  :
                           Petitioner             :
                                                  :
          v.                                      : No. 424 C.D. 2024
                                                  : Submitted: May 6, 2025
Unemployment Compensation                         :
Board of Review,                                  :
                                                  :
                           Respondent             :


BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                                   FILED: June 11, 2025


          Joseph Abraham (Claimant), proceeding *pro se*, petitions for review of
the April 12, 2024 order of the Unemployment Compensation (UC) Board of Review
(Board) affirming a UC Referee's (Referee) Determination finding that Claimant
was eligible for Pandemic Unemployment Assistance (PUA) benefits at the reduced
weekly benefit rate of $195.00 effective March 15, 2020, through December 5, 2020,
pursuant to Section 2102 of the Coronavirus Aid, Relief, and Economic Security Act
of 2020 (CARES Act), 15 U.S.C. §9021, and assessing a non-fraud overpayment in
the amount of $14,326.00.  Upon review, we affirm.

## I. Background

On March 15, 2020, Claimant filed an application for PUA benefits. Based on information provided in the application, Claimant began receiving PUA benefits at the weekly benefit rate of $572.00 from March 21, 2020, through December 5, 2020, a total of 38 weeks. Referee's Op., 4/2/24, Finding of Fact (F.F.) No. 4.

The UC Service Center issued a notice of monetary redetermination upon determining that Claimant was eligible for PUA benefits at the weekly benefit rate of $195.00, not $572.00. The UC Service Center also assessed a non-fraud overpayment in the amount of $14,326.00 for PUA benefits Claimant received between March 21, 2020, and December 5, 2020, in excess of the $195.00 weekly benefit rate (Overpayment Determination). On June 7, 2021, Claimant appealed the Overpayment Determination.

On March 9, 2022, the Referee conducted a hearing, at which Claimant, represented by counsel, appeared and testified. F.F. No. 12. Based upon the testimony and evidence presented, the Referee made the following findings. Claimant was self-employed and operated two businesses in 2019 and completed two Schedule C tax forms. F.F. Nos. 2-3. Claimant reported his gross income, as opposed to his net income, when filing his claim, which resulted in his weekly benefit amount being set at the maximum of $572.00 per week. F.F. No. 4. Claimant's 2019 annual total net income from his business ventures was $658.00 or $164.50 quarterly. F.F. No. 5. As a result, the UC Service Center issued a downward revision of his weekly benefit rate to $195.00, which is not disputed on appeal, and assessed a non-fraud overpayment in the amount of $14,326.00, which is disputed. F.F. Nos. 6-7. Of particular significance in this appeal, the Referee found that

2

"[C]laimant admit[ted] that he received a PUA check in excess of $20,000.00 around October 28, 2020." F.F. No. 8. Claimant also testified that he was in bad financial shape at that time and used the money to pay bills. F.F. No. 9. The Referee further found that Claimant did not intentionally provide false or misleading information to obtain compensation. F.F. Nos. 10.

The Referee concluded that Claimant was eligible for PUA benefits under Section 2102 of the CARES Act for the weeks effective March 21, 2020, through December 5, 2020, at the rate of $195.00 per week. The Referee also concluded that Claimant received $14,326.00 in PUA benefits to which he was not entitled, but there was no evidence of fraud. By order dated April 2, 2024, the Referee affirmed the UC Service Center's Overpayment Determination.

Claimant appealed the Referee's determination to the Board. By decision dated April 12, 2024, the Board adopted and incorporated the Referee's findings of fact and conclusions of law as its own and affirmed. Because Claimant's overpayments were nonfraudulent, the Board advised Claimant to submit a waiver request on the portal or request assistance by contacting the UC Service Center. Claimant now petitions this Court for review.[1]

## II. Issues

On appeal, Claimant asserts that he is entitled to relief on the basis that the Referee's decision was not made within 30 days after Claimant's appeal of the Overpayment Determination as required under federal regulations. Claimant also

---

[1] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. 2 Pa. C.S. §704; *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

contends that there is no evidence that he actually received the overpayments at issue and that F.F. No. 8 is not supported by substantial evidence.

### III. Discussion
### A. Timeliness of the Referee's Decision

First, Claimant contends that the Referee erred by not rendering a decision within 30 days of his appeal as required under federal procedural guidelines. In support, Claimant relies on Section 625.10(e)(1) of title 20 of the Code of Federal Regulations, 20 C.F.R. §625.10(e)(1), which governs Disaster Unemployment Assistance (DUA) and provides:

> (e) Procedural requirements.
>
> (1) All decisions on first-stage appeals from determinations or redeterminations by the State agencies must be made within 30 days of the appeal; therefore, the Secretary's "Standard for Appeals Promptness– Unemployment Compensation" in part 650 of this chapter shall not apply to the DUA program.

20 C.F.R. §625.10(e)(1). On this basis, Claimant contends that no recovery of the alleged overpayments can be made.

It is undisputed that the Referee did not issue his decision within 30 days of Claimant's appeal. Although some of the DUA regulations apply to PUA claims, Section 625.10(e)(1)'s 30-day decision requirement is not one of them. Section 2102(h) of the CARES Act, 15 U.S.C. §9021(h), controls the applicability of DUA regulations to PUA claims, providing:

> *Except as otherwise provided in this section or to the extent there is a conflict between this section and part 625 of title 20, Code of Federal Regulations, such part 625 shall apply to this section as if—*

4

(1) the term "COVID-19 public health emergency" were substituted for the term "major disaster" each place it appears in such part 625; and

(2) the term "pandemic" were substituted for the term "disaster" each place it appears in such part 625.

15 U.S.C. §9021(h) (emphasis added). In other words, under Section 2101(h) of the CARES Act, the DUA regulations will apply to claims for PUA benefits *unless* the CARES Act provides otherwise or if there is a conflict between the CARES Act and the DUA regulations. *Id*.

Section 2101(c)(5)(B)(ii) of the CARES Act, which governs the appeals process, provides:

*All levels of appeal* filed under this paragraph in the 50 states, the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands—

(i) shall be carried out by the applicable State that made the determination or redetermination; and

(ii) *shall be conducted in the same manner and to the same extent as the applicable State would conduct appeals of determinations or redeterminations regarding rights to regular compensation under State law*.

15 U.S.C. §9021(c)(5)(B)(ii) (emphasis added). Because the CARES Act expressly requires states to conduct appeals in the "same manner and to the same extent" as required for regular UC claims under state law, the procedural process set forth in the Unemployment Compensation Law (UC Law)[2] governs. Under the UC Law and its related regulations, there is no requirement that a Referee must issue a decision

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751 – 919.10.

within 30 days of the party's appeal.  *See* 34 Pa. Code §101.88 (providing "[t]he decision shall be rendered promptly after the conclusion of the hearing . . . ").

In addition, the United States Department of Labor's (USDOL) guidance on the PUA program operations as set forth in the Unemployment Insurance Program Letter No. 16-20 (UIPL 16-20) provides further confirmation that state law governs PUA appeals and determinations.  Specifically, UIPL 16-20 provides:

> Applicable State Law. To ensure that appeals and hearings are held promptly, the applicable state law provisions concerning the right of appeal and fair hearing from a determination or redetermination of entitlement to regular compensation shall apply to determinations and redeterminations of eligibility for or entitlement to PUA.

UIPL 16-20, Attachment I, at I-12 (emphasis added).[3]  UIPL 16-20 further provides the following specifically on the "Promptness of Appeals Decisions":

- Decisions on appeals under the PUA Program must accord with the "Standard for Appeals Promptness— Unemployment compensation" in 20 C.F.R. Part 650.

- Any applicable state law provision allowing the advancement or priority of unemployment compensation cases on judicial calendars, or otherwise intended to provide for the prompt payment of unemployment compensation when due, must apply to proceedings involving entitlement to PUA.

*Id*. (emphasis added).  As noted above, although the DUA regulation at 20 C.F.R. §625.10(e)(1) states that the "Standard for Appeals Promptness – Unemployment compensation" in 20 C.F.R. Part 650 does not apply to the DUA program, the

---

[3]  The UIPL 16-20, Attachment I is available on the USDOL website: https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2020/UIPL_16-20_Attachment_1.pdf  (last visited 6/10/25).

opposite is true for appeals of PUA determinations. UIPL 16-20 expressly states that this standard applies to appeals of PUA benefits. Thus, UIPL 16-20 further supports that the 30-day requirement in the DUA regulations does not apply to PUA determinations.

Finally, the Pennsylvania Department of Labor and Industry (Department) offers a rational explanation as to why the DUA's 30-day decision requirement does not apply to PUA determinations:

> The DUA program applies to unemployment caused by, for example, natural disasters such as hurricanes, earthquakes, etc. In those situations, the effects are generally limited to a certain geographic area and a somewhat limited number of people. Therefore, requiring that decisions on first level appeals be made within 30 days for the DUA program is feasible and needed based on the circumstances. By contrast, COVID-19 was a global pandemic that lasted for a much longer duration and was significantly more widespread. Therefore, USDOL clearly contemplated this difference when it stated in UIPL 16-20 that state law must apply to promptness of appeal decisions in PUA cases, as opposed to holding states to the 30-day requirement applied in DUA cases. If the 30-day requirement applied to PUA appeals, it would have been nearly impossible for states to comply with this requirement.

Respondent's Brief at 20-21. Upon review, absent a governing 30-day rule, the Referee did not err by issuing his decision on Claimant's PUA appeal more than 30 days after the appeal of the Overpayment Determination.

### B. Overpayment Determination & F.F. No. 8

Next, Claimant contends that the Board erred in affirming the Overpayment Determination. Claimant maintains that there is no evidence to support the assessment of a non-fraud overpayment against him. He disputes

receiving the overpayments at issue. Claimant further contends that F.F. No. 8 that he admitted to receiving a PUA check in excess of $20,000.00 in October 2020 is not supported by substantial evidence. According to Claimant, the Department was required to provide cancelled checks showing proof of payment.

As this Court has explained, "[i]n UC cases, the Board is the ultimate fact-finder and is empowered to resolve all issues of witness credibility, conflicting evidence, and evidentiary weight." *Pierce-Boyce v. Unemployment Compensation Board of Review*, 289 A.3d 130, 135 (Pa. Cmwlth. 2022) (citing *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008)). "It is irrelevant whether the record contains evidence that would support findings other than those made by the Board; the proper inquiry is whether the evidence supports the findings actually made." *Id*. at 135-36. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. at 136 (quoting *Ductmate*, 949 A.2d at 342). "Additionally, the party prevailing below is entitled to the benefit of all reasonable inferences drawn from the evidence." *Id*. "This Court is bound by the Board's findings of fact 'so long as the record taken as a whole contains substantial evidence to support them.'" *Id*. (quoting *Henderson v. Unemployment Compensation Board of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013)).

Here, the Department's official records as certified before the Referee per Section 6103 of the Judicial Code, 42 Pa. C.S. §6103,[4] included an Overpayment

---

[4] Section 6103(a) of the Judicial Code provides:

> (a)    General    rule.--An    official    record    kept    within    this Commonwealth by any court, magisterial district judge or other government unit, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by

**(Footnote continued on next page…)**

Summary and Payment Summary. Certified Record (C.R.) at 106, 115-17. The Overpayment Summary shows a total overpayment in the amount of $14,326.00. *Id.* at 106. The Payment Summary, which includes associated transaction numbers, shows each payment issued to Claimant for the 38 claim weeks between March 21, 2020, and December 5, 2020. *Id.* at 115-17. According to the Payment Summary, Claimant was paid $572 per week for all 38 weeks, for a total of $21,736.00. *Id.* Claimant does not dispute that his original weekly benefit rate of $572.00 was reduced to $195.00 per week. F.F. Nos. 4 and 6; C.R. at 138; Petitioner's Brief at 7. Claimant also does not dispute that he was only eligible to receive $195.00 per week for the 38 relevant weeks, which totals $7,410. Petitioner's Brief at 7. What Claimant disputes is that he actually received over $20,000 in PUA payments. *Id.*

The Board found that "[Claimant] admit[ted] that he received a PUA check in excess of $20,000.00 around October 28, 2020." F.F. No. 8. This is the

---

a copy attested by the officer having the legal custody of the record, or by that officer's deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by any public officer having a seal of office and having official duties with respect to the government unit in which the record is kept, authenticated by the seal of that office, or if there is no such officer, by:

(1) The Department of State, in the case of any Commonwealth agency.

(2) The clerk of the court of common pleas of the judicial district embracing any county in which the government unit has jurisdiction, in the case of any government unit other than a Commonwealth agency.

42 Pa. C.S. §6103.

only finding that Claimant challenges on appeal.[5] However, Claimant's own testimony supports this finding. Claimant testified that he filed for PUA benefits for the 38 weeks at issue and that he "started to receive something," *i.e.*, benefits, in August or September of 2020. C.R. at 135. Claimant testified that "around the end of the year, maybe September," he received "two checks." *Id*. at 136. Although Claimant did not have a record of the check, he testified that the amount received "was around [$]20,000 or $22,000 . . . ." *Id*. When the Referee sought confirmation that Claimant received $20,000, Claimant responded "[m]aybe September, yes, that's a vague memory" in the form of "two check[s]." *Id*. When asked if he received the first check in October, Claimant responded "September or October, maybe. It is within a reasonable range of time." *Id*. at 137. Claimant's consistent recollection was that he received two checks totaling $20,000.00 to $22,000.00, which comports with the Department's records. *Id*. at 136-38. Although cancelled checks and bank records were not offered into evidence to prove receipt, such evidence was not required.[6] Claimant's own testimony, as corroborated by the

---

[5] Consequently, the remaining findings of fact are conclusive on appeal. *Feinsod v. Unemployment Compensation Board of Review*, 624 A.2d 762, 765 (Pa. Cmwlth. 1993).

[6] Relying on *Craig v. Saul*, 2020 WL 1165977 (W.D. North Carolina, No. 1:18 CV 298 WCM, filed March 9, 2020), Claimant contends the Department was required to present cancelled checks as proof that Claimant actually received payment. However, Claimant's reliance on *Craig* is misplaced. First, *Craig* is an unreported opinion of the United States District Court, Western District of North Carolina and, as such, is not precedential or binding on this Court. *Gillard v. AIG Insurance Co.*, 15 A.3d 44, 63 n.3 (Pa. 2011) (providing federal district court decisions are not binding authority but may serve as persuasive guidance). Second, *Craig* did not involve an overpayment of UC benefits but rather pertained to disability insurance overpayments. *Craig*, slip op. at 1. Third, *Craig* did not hold that cancelled checks are required to support a finding regarding overpayment. *Id*. at 6. "Although canceled checks may be the best evidence of the amount of overpayment, . . . they are not the only evidence sufficient to satisfy the [Social Security] Commissioner's burden." *Id*. "[T]he Commissioner might rely upon the claimant's own prior admissions that he received payments in the claimed amounts." *Id*.

10

Department's records, constitutes substantial evidence that Claimant received the PUA benefits as found in F.F. No. 8. The difference between the amount Claimant was paid - $21,736.00 - and the amount he was entitled to receive - $7,410.00 – is $14,326.00, which is the amount of Claimant's nonfraud overpayment identified on the Overpayment Determination. C.R. at 9.

Accordingly, we affirm the Board's order.


_____
MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Abraham, :
:
Petitioner :
:
v. : No. 424 C.D. 2024
:
Unemployment Compensation :
Board of Review, :
:
Respondent :

O R D E R

AND NOW, this 11<u>th</u> day of <u>June</u>, 2025, the order of the Unemployment Compensation Board of Review, dated April 12, 2024, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge