Donna Lenz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 6, 1981, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Louis Lessem,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Steven R. Marcuse,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 28, 1981:

Donna Lenz (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which found that she had voluntarily terminated her employment without cause of a necessitous and compelling nature and that she was ineligible for unemployment benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The claimant was employed by the City of Pittsburgh as a clerk-typist. Several days prior to the termination of her employment she was transferred from a three-person office to an office in which 14 people worked. She informed her supervisor that, because of her mental condition which in her brief is characterized as "paranoid schizophrenic reaction," she was unable to work in a crowded office. She then

informed the supervisor that she intended to quit her job, and her last day of work was October 23, 1979.

The claimant did not offer any evidence at the Office of Employment Security (Office) or at the referee's hearing to the effect that she had been advised by a physician to terminate her job, nor that she had requested the employer to transfer her to a more suitable position. It is undisputed, therefore, that she did not sustain the burden of showing that her termination was for a necessitous and compelling nature under the standards set forth in *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977).

The claimant contends, however, that the referee considered issues which were not expressly ruled upon in the decision of the Office and that the referee therefore violated regulations governing appeals from the Office.

It is true that, when an appeal is taken from a determination of the Office to the referee, the referee is limited to consideration of "the issues expressly ruled upon" by the Office, unless the parties agree otherwise. 34 Pa. Code §101.87; *Bilsing v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 199, 382 A.2d 1279 (1978). In the present case, however, the Office expressly ruled in its determination notice that 1) the claimant voluntarily left her employment *with* cause of a necessitous and compelling cause, and, 2) the claimant was unavailable for work. The claimant appealed that determination, and the referee concluded that she had voluntarily terminated her employment *without* cause of a necessitous and compelling nature under Section 402(b) of the Law, and the Board affirmed the referee's determination.

We recognize that the claimant probably did not intend to reopen the inquiry into her cause for leav-

ing employment, for that issue involving Section 402 (b) had been resolved in her favor by the Office, but this issue had been expressly ruled upon by the Office in its determination and notice and, according to 34 Pa. Code §101.87, it was therefore a proper area for inquiry at the referee's hearing.

We will affirm the Board's order.

ORDER

AND Now, this 28th day of July, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby affirmed.