547 A.2d 811

August Jordan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

376

Submitted on briefs January 19, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Lorraine M. Bittner, Neighborhood Legal Services Association,* for petitioner.

*Peter C. Layman,* Deputy Chief Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, September 13, 1988:

August Jordan (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of unemployment compensation benefits but amended the grounds

for that denial from subsection (h) of Section 402 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Session, P.L. (1937), *as amended*, 43 P.S. §802, to subsection (e) of Section 402 of the Law.

Claimant was last employed as a cleaner and prepper for Electro-Kote Co. (employer) which was in the business of refinishing office furniture and kitchen cabinets. His last day of work was September 9, 1985. In March of 1985, while working for the employer, claimant together with his son, purchased machinery to perform jobs in his spare time involving the refinishing of office furniture and kitchen cabinets for others. He received five such jobs between March of 1985 and September 9, 1985. His employment was terminated on September 10, 1985 because his employer viewed his side-line business as being in direct competition with its business. After September 9, 1985 and until the date of the referee's hearing on November 1, 1985, claimant obtained no additional refinishing jobs.

After being discharged, claimant applied for unemployment compensation benefits with the Office of Employment Security (OES). The OES, however, determined that claimant was ineligible for benefits under both Sections 402(e) (willful misconduct) and 402(h) (self employment) of the Law. Claimant filed a timely appeal. Following a hearing, a referee issued a decision finding claimant eligible under Section 402(e), but ineligible under 402(h). Claimant filed an appeal with the Board in which he indicated that he was appealing the referee's denial of benefits under Section 402(h) but was not appealing the referee's decision that he was not ineligible for benefits under Section 402(e). The Board, however, by its decision, found that, while claimant was not ineligible for benefits under Section 402(h), he was

ineligible for benefits under Section 402(e). This appeal followed.

Our scope of review in this matter is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether necessary findings of fact are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). Claimant argues here that the Board did not have jurisdiction to address the issue of whether he was ineligible for benefits under Section 402(e) and that, even if it did, its conclusion that he was guilty of willful misconduct is erroneous as a matter of law.

In regard to the first issue, we note that we are faced with a procedural scenario similar to that in the case of *Lenz v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 166, 432 A.2d 1149 (1981). In *Lenz*, the OES had determined that the claimant was not rendered ineligible for benefits under Section 402(b) of the Law (voluntary quit) but found claimant ineligible for failure to comply with Section 401(d)(1) (availability for work). Claimant appealed the denial to the referee, who considered not only the issue of claimant's ineligibility under Section 401(d)(1), but also the issue of claimant's ineligibility under Section 402(b), and ruled that claimant was ineligible under Section 402(b). In rejecting the claimant's contention that the referee could not consider the 402(b) issue, since claimant had not appealed that issue, this Court stated:

> We recognize that the claimant probably did not intend to reopen the inquiry into her cause for leaving employment, for that issue involving Section 402(b) had been resolved in her favor by the Office, but this issue had been expressly ruled upon by the Office in its determination and notice, and according to 34 Pa. Code

§101.87, it was therefore a proper area for inquiry at the referee's hearing.

61 Pa. Commonwealth Ct. at 168-169, 432 A.2d at 1150.

Section 101.87 of Title 34 of the Pennsylvania Code provides in pertinent part:

> In hearing the appeal [from a decision of the Department] the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed.

Similarly, Section 101.107(b) of the same title of the code provides in pertinent part:

> The Board shall consider the issues expressly ruled upon in the decision [of the referee] from which the appeal was filed.

Here, while claimant did not want the Board to review the issue of whether he was ineligible for benefits under Section 402(e), that issue was expressly ruled upon in the referee's decision from which the present appeal was filed. Consequently, the Board had jurisdiction to rule on it.

The question of whether an employee's actions constitute willful misconduct is a question of law subject to the review of this Court. *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978). "Willful misconduct" which renders a claimant ineligible for benefits under Section 402(e) has been defined by this Court to include the wanton and willful disregard of the employer's interest, the deliberate violation of rules, the disregard of standards of behavior an employer can rightfully expect, or negligence manifesting culpability, wrongful intent, evil design, or intentional and substantial disregard of the employer's interests of the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The evidence in the present matter shows that claimant started his own sideline business involving the exact type of business as his employer.[1] He expended $8,000 to purchase the equipment needed to carry on this business and spent 10 to 12 hours a week on activities related to it, although, according to him, weeks would go by during which he spent no time on the business. His sideline business activities consisted of efforts to obtain jobs to perform, including travelling to job sites, talking to customers and advertising, and the performing of jobs that were obtained. Under these circumstances, it is the conclusion of this Court that the claimant's conduct was properly found to fall within the definition of willful misconduct.

We would concede that there was no evidence in the present matter establishing that claimant was carrying out his sideline business activities during hours that he was to have been performing services for the employer. Furthermore, there was no evidence showing that claimant had learned of the five jobs he had performed through, and because of, his association with the employer and that he then underbid the employer to obtain them or competent evidence showing that claimant was seeking and inducing customers of the employer to

---

[1] Claimant argues that the Board's finding that claimant purchased machinery to refinish office furniture and kitchen cabinets is not supported by substantial evidence because claimant's testimony only indicates that he intended to paint metal kitchen cabinets and appliances. We note, however, that on claimant's additional statement to the OES, (Record, Item No. 3), which was admitted as part of the record at the hearing before the referee without objection, he stated that his business involved the painting of both *office furniture* and kitchen cabinets.

381

become his own customers. Nevertheless, we adhere to the conclusion reached above.[2]

Accordingly, the order of the Board is affirmed.

ORDER

Now, September 13, 1988, the order of the Unemployment Compensation Board of Review dated March 18, 1986, at B-247701, is hereby affirmed.

---

[2] We note that the present case is distinguishable from *Merlino v. Unemployment Compensation Board of Review*, 113 Pa. Commonwealth Ct. 209, 536 A.2d 863 (1988), which held that a claimant was not guilty of willful misconduct when her husband, also an employee, left the employer and started a competing fish sales business.