# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Terri L. Macauley, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 858 C.D. 2017 |
| | : | Submitted: March 13, 2019 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE LEAVITT[1]                         FILED: January 28, 2020

        Terri Macauley (Claimant), *pro se*, petitions this Court for review of an adjudication of the Unemployment Compensation Board of Review (Board) that affirmed the decision of the Referee to deny Claimant's claim for unemployment benefits on the ground that she was ineligible for benefits under Section 402(h) of the Unemployment Compensation Law (Law).[2] Claimant presents two issues for this Court's review: (1) whether the Board erred by affirming the Referee's ruling that Claimant was ineligible for benefits when Claimant appealed only the benefit

---

[1] This matter was assigned to the authoring judge on September 19, 2019.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h) (relating to self-employment).

amount; and (2) whether Claimant had proper cause for not appearing at the Referee hearing.[3] After review, we vacate and remand.

Claimant filed an application for unemployment benefits, wherein she reported that she was laid off from her employment with Goodwill Keystone Area (Employer). Claimant sent the Indiana Unemployment Compensation (UC) Service Center a copy of Schedule C to her 2016 federal tax return, which reported a net profit of $1,781.00 from her sole proprietorship. The UC Service Center determined that Claimant was entitled to unemployment compensation benefits under Section 402(h) of the Law, subject to a deduction of $71.54 per week for her sideline business income.

Claimant appealed the notice of determination. In her appeal petition, Claimant stated that in 2016 a referee had determined that her self-employment was a sideline business and that she was eligible for unemployment benefits under Section 402(h).[4] Claimant asserted that the referee who issued the 2016 decision calculated her prorated deduction based on the net profit reported on line 31 of her 2015 Schedule C. Claimant further asserted that in the instant claim, the UC Service Center erred in calculating her deduction by using her gross income from the sideline

---

[3] Claimant included a third issue in her Statement of Questions Involved: whether the Board erred by finding Claimant ineligible for unemployment compensation benefits based on her sideline business. This issue is subsumed in the Court's restatement of the issues.

[4] The referee decision from 2016 was not included in the certified record in this case.

business reported on line 7 of Schedule C as opposed to the net profit reported on line 31.[5]

On March 21, 2017, the Referee conducted a hearing. Claimant did not appear. The Referee specifically noted and accepted into the record the documents in Claimant's file.[6] On March 22, 2017, the Referee issued a decision that stated:

> The claimant failed to appear at the hearing to offer competent evidence that she qualifies for the sideline business exception to the [L]aw that disallows collection of unemployment compensation benefits by someone who is self-employed; consequently the claimant is not eligible for benefits under Section 402(h) [of the Law].

Referee Decision at 2. The Referee reversed the UC Service Center's eligibility determination, and Claimant appealed to the Board.

The Board adopted the Referee's findings and conclusions. It determined that Claimant did not have proper cause for her nonappearance at the

---

[5] It is apparent that the UC Service Center applied Section 65.121 of the Department of Labor and Industry's (Department) regulations, 34 Pa. Code §65.121, to calculate Claimant's deduction by using her gross income from her sideline business rather than her net earnings. This Court recently declared Section 65.121 to be unreasonable and that, for purposes of calculating "net earnings" for a sideline business, the Department must deduct all of a claimant's business expenses from her gross revenue. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 552 (Pa. Cmwlth. 2018). This Court issued *Lerch* on March 12, 2018. Because Claimant argued that her deduction should have been based on her net earnings, not her gross earnings, and the Board used an unauthorized, unreasonable regulation in performing its calculation, this matter must be remanded to the Board, on this basis alone, to recalculate Claimant's deduction in accordance with *Lerch*. *See Smith v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 850 C.D. 2017, filed March 21, 2018), slip op. at 6. ("[B]ecause the Department calculated [the c]laimant's deductible using an unauthorized, unreasonable regulation, this Court remands the matter to the [Board] to recalculate [the c]laimant's deductible in accordance with *Lerch*.").

[6] The documents included, *inter alia*, Claimant's Internet Initial Claims form and her 2016 Schedule C tax form.

Referee hearing and affirmed the Referee's decision. Claimant petitioned for this Court's review.[7]

Claimant asserts that she appealed only the calculation of the deduction for her sideline business income and, thus, the Referee erred by *sua sponte* raising an issue that was not appealed, *i.e.*, her eligibility for unemployment benefits. She argues that the Board erred in affirming the Referee's ruling that she is ineligible for benefits. The Board responds that because the UC Service Center decided that Claimant was eligible for benefits, the eligibility issue was before the Referee. Further, because Claimant did not appear at the Referee hearing, the Board contends she failed to meet her burden of proving that her business was a sideline business for purposes of Section 402(h) of the Law.

We begin with the language of Section 402(h) of the Law, which provides that an employee is ineligible for unemployment compensation benefits for any week

> [i]n which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received by the employe with respect to such activity shall be deemed remuneration

---

[7] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Compensation Board of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

4

paid or payable with respect to such period as shall be determined by rules and regulations of the department.

43 P.S. §802(h).

Here, Claimant applied for unemployment benefits and received the UC Service Center's determination that she was eligible for unemployment benefits under Section 402(h) of the Law and that the deduction from her weekly benefit payment would be $71.54. Because Claimant believed the deduction calculation was incorrect, she appealed the determination to the Referee on that singular issue. Claimant, who was *pro se*, was not informed that her appeal of the deduction amount would place her very eligibility for benefits at issue.

Today, an *en banc* panel of this Court has addressed the nearly identical scenario in *Quigley v. Unemployment Compensation Board of Review*, __ A.3d __ (Pa. Cmwlth., No. 1449 C.D. 2017, filed January 28, 2020). In *Quigley*, the UC Service Center found the claimant eligible for unemployment benefits under Section 402(h) of the Law. The claimant appealed, arguing that the UC Service Center had erred in calculating the deduction for her sideline business income. She did not appear at the referee's hearing. After reviewing the documents in the claimant's file, the referee affirmed the UC Service Center's determination with a modification to the amount of the deduction. The claimant appealed to the Board, again challenging only the calculation of the deduction and not her eligibility to receive unemployment benefits. The Board reversed the referee's decision, holding that the claimant failed to meet her burden of proving she engaged in a sideline business activity under Section 402(h). On the claimant's appeal to this Court, we considered whether the Board has the authority to change, *sua sponte*, the scope of a claimant's appeal to address an issue not raised by the separating employer, the claimant or the Department of Labor and Industry (Department). We held that the Board lacks such authority.

5

In so holding, we observed that the claimant was not aggrieved by the determination of the UC Service Center and the referee that she was eligible for benefits. Rather than decide the controversy before it on appeal, *i.e.*, the calculation of the claimant's benefit, the Board transformed the nature of the controversy to one of benefit eligibility.[8] We held that this process deprived the claimant of notice and an opportunity to be heard on the eligibility issue; contravened the Law's stated objective to provide workers unemployed through no fault of their own with some measure of economic security; and frustrated the principle that remedial legislation must be liberally construed. Finally, we concluded that the Board had improperly commingled the Department's prosecutorial and adjudicatory functions.

We limited our holding to the circumstances presented in *Quigley*, *i.e.*, "where the claimant, through no fault of her own, becomes unemployed; where the claimant is found to be eligible for unemployment benefits and no party challenges her eligibility; and where, on review of the claimant's appeal of the computation of her unemployment benefit amount, the Board *sua sponte* raises the issue of her eligibility for benefits." *Quigley*, __ A.3d at __, slip op. at 11-12. We noted that our holding "applies equally to a case where the referee *sua sponte* revisits the UC Service Center's determination that the claimant is eligible for benefits and does not allow the claimant to present evidence." *Id*. at __, n.11, slip op. at 12, n.11. That is the situation presented in the case *sub judice*.

---

[8] The cases cited by the dissent are distinguishable on this point. In both *Mazur v. Unemployment Compensation Board of Review*, 193 A.3d 1132 (Pa. Cmwlth. 2018), and *Lenz v. Unemployment Compensation Board of Review*, 432 A.2d 1149 (Pa. Cmwlth. 1981), the issue in the proceeding was the claimant's eligibility for unemployment compensation benefits. By contrast, here, Claimant's eligibility was never in dispute. The UC Service Center held that she was eligible for benefits because her self-employment was limited to a sideline activity. Her former employer did not contest her eligibility, and neither did the Department. Rather than decide the controversy presented, which pertained to benefit calculation, the Referee transformed the nature of the controversy to one of benefit eligibility. Claimant had no notice that the Referee would do so.

6

Accordingly, for the reasons set forth more fully in *Quigley*, we hold that the Referee violated Claimant's fundamental due process rights of notice and the opportunity to be heard, and improperly commingled the prosecutorial and adjudicatory functions of the Department.

We briefly consider the Board's argument that Claimant's nonappearance at the Referee hearing is dispositive of her appeal. This Court rejected this argument in *Quigley*, noting that it was based upon an overly technical reading of the Department's procedural rules that is "not appropriate where a remedial statute such as the Law is involved." *Id.* at __, slip op. at 10. *See also Gadsden v. Unemployment Compensation Board of Review*, 479 A.2d 74, 76 (Pa. Cmwlth. 1984) ("The referee then dismissed the claimant's appeal because of her nonappearance. We believe this was error."). We also rejected a similar argument in *Clairton Municipal Authority v. Unemployment Compensation Board of Review*, 639 A.2d 921 (Pa. Cmwlth. 1994). In that case, neither party appeared at the referee hearing. The referee, and the Board, held that the employer's nonappearance constituted a failure to prove that the claimant was discharged for willful misconduct. This Court reversed, holding that the Board erred by basing its decision on the employer's nonappearance. Once the referee decided to proceed in the absence of the

parties, "it was incumbent upon the referee and Board to render a decision based on the 'pertinent available records[.]'" *Id.* at 923 (quoting 34 Pa. Code §101.51).[9]

Here, the Referee committed the same legal error by holding that Claimant's nonappearance at the hearing was dispositive. The record contained evidence to support the UC Service Center's determination that Claimant was engaged in a sideline activity. Significantly, the Referee stated: "The documents the claimant submitted show that she owned her own business called Unique Solutions. The claimant failed to appear at the hearing to offer competent evidence that she qualifies for the sideline business exception to the [L]aw …." Referee Decision at 2. Under *Gadsden* and *Clairton Municipal Authority*, the Referee should have considered all of the "pertinent available records," which included not only Claimant's Schedule C tax form but also the Internet Initial Claims form and Sideline Business supplement. The supplement contained evidence that Claimant's self-employment income had not changed and that her self-employment was not her primary source of income. Certified Record, Item No. 2, at 4-5. The record evidence would have informed the Referee's consideration of whether Claimant was correct in

---

[9] *See also Davis v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 339 C.D. 2017, filed December 11, 2017) (Board's determination based on, *inter alia*, claimant's questionnaire because neither party appeared at referee hearing); *Cabrera-Kuilan v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 463 C.D. 2013, filed August 29, 2013) (Board's decision based on employer's and claimant's completed UC Service Center questionnaires and oral interviews because neither party appeared at referee hearing); *Butler v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1478 C.D. 2011, filed April 4, 2012) (Board's determination based on employer's separation information and claimant's oral interview because neither party appeared at referee hearing). An unreported memorandum opinion of this Court may be cited "for its persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

her assertion that the Department used the wrong line item on Schedule C to her federal tax return to calculate her deduction.[10]

For all of the above reasons, the Board's order is vacated and the matter is remanded to the Board to remand to a referee to determine whether Claimant's sideline activity deduction was properly calculated.[11]

_____
MARY HANNAH LEAVITT, President Judge

---

[10] The dissent states that "based on the referee's legal conclusion, the Majority infers that he failed to conduct a careful review of the competent documentary evidence." __ A.3d at __, slip op. at 10 (Wojcik, J., dissenting). The Referee's decision contained the boilerplate and self-serving phraseology that he conducted a "careful review of the competent documentary evidence," but the decision itself does not bear this out. Referee Decision at 2. The only factual finding based on the documents was that Claimant owned her own business called Unique Solutions. The Referee made no reference to Claimant's Schedule C tax form, Internet Initial Claims form or Sideline Business supplement. This is particularly problematic with respect to Claimant's Schedule C tax form because Claimant's appeal asserted that the UC Service Center took the gross income number from that form and not the net income number, which was the only number relevant to her benefit calculation. At a minimum, the Referee should have explained why the information in the documents he omitted from his decision was deficient or entitled to little weight.

It bears noting that if a referee is unable to reach a decision based on the pertinent available records, the proper disposition is to dismiss the appeal rather than rule on the merits based on a lack of evidence. At most, therefore, the Referee could have dismissed Claimant's appeal, as opposed to reducing her benefits to zero.

[11] Based on the disposition of Claimant's first issue, we do not reach Claimant's second issue regarding whether she had good cause for not attending the Referee's hearing. Because the Referee and the Board both failed to base their decisions on the pertinent available records, and both addressed the eligibility issue (which was not raised), whether Claimant had proper cause for not appearing at the Referee hearing is inconsequential to our decision.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terri L. Macauley,                    :
                    Petitioner        :
                                      :
            v.                        :     No. 858 C.D. 2017
                                      :
Unemployment Compensation             :
Board of Review,                      :
                    Respondent        :

**O R D E R**

AND NOW, this 28th day of January, 2020, the Unemployment Compensation Board of Review's (Board) May 15, 2017, order is vacated, and the matter is remanded to the Board to remand to a referee to determine whether Terri L. Macauley's sideline activity deduction was properly calculated.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terri L. Macauley,       :
      :
      Petitioner    :
      :
      v.       : No. 858 C.D. 2017
      : Submitted: March 13, 2019
      :
Unemployment Compensation    :
Board of Review,       :
      :
      Respondent : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE RENÉE COHN JUBELIRER, Judge
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE WOJCIK            FILED: January 28, 2020

      Respectfully, I dissent.

      Terri L. Macauley (Claimant) petitions *pro se* for review of the May 15, 2017 order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination and holding that Claimant was ineligible for benefits under Section 402(h) of the Unemployment Compensation Law (Law).[1] The essence of Claimant's argument is that the determination of her eligibility was

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h).

made by a referee in 2016 and should not have been revisited in 2017, when she sought review *only* of the job center's calculation of her benefits. After Claimant appealed the job center's determination, she failed to attend the referee's hearing. As a result, she did not present sufficient evidence to meet her burden of proving eligibility under Section 402(h). Claimant did not ask the Board to reopen the record, and she does not argue that the Board erred in denying her an opportunity to present evidence. She cites no authority to support a remand. Nevertheless, the Majority holds that Claimant was precluded from appealing the issue of her eligibility, vacates the decision below, and remands the matter to the Board to determine whether income from Claimant's sideline activity was properly calculated. In contrast to the Majority's analysis, I would follow longstanding and binding precedent to affirm the Board's order, recognizing that even a minor deviation from settled law in order to remedy a perceived injustice for one appellant will surely result in a denial of justice for those prospective parties who, at a minimum, seek to rely on such precedent.

When Claimant applied for unemployment compensation benefits in January 2017, she noted that she was engaged in self-employment. The local service center determined that Claimant was not ineligible for benefits under Section 402(h) because her self-employment was a sideline business. The local service center then relied on Claimant's gross income, as reflected on Schedule C of her 2016 tax form, to determine the prorated weekly amount to be deducted from Claimant's benefits.

Claimant appealed, asserting that the local service center had calculated her prorated weekly deductible incorrectly. Specifically, Claimant cited a March 2016 referee's decision that calculated her weekly deductible based on her net income, as reflected on her 2015 1040 Schedule C, line 31. Claimant asserted that

the local service center erred in its 2017 determination by relying instead on her gross income to calculate her weekly deductible.

Claimant received a notice of hearing, dated March 7, 2017, informing her of the appeal hearing's scheduled date and time. *The notice clearly stated that the specific issue to be considered at the appeal hearing was whether Claimant was engaged in self-employment.* Claimant bore the burden to show that her self-employment falls under what is commonly known as the "sideline business exception" pursuant to Section 402(h).[2] *O'Hara v. Unemployment Compensation Board of Review*, 648 A.2d 1311, 1313 (Pa. Cmwlth. 1994).

Claimant did not appear at the referee's hearing.[3] Citing his review of the "competent documentary evidence," the referee made two findings of fact: 1) Claimant owns a business, Unique Selections; and 2) Claimant applied for unemployment compensation benefits on January 15, 2017. Referee's decision at 2. The referee determined that the documents Claimant submitted establish that she owns a business, but that Claimant failed to offer evidence that she qualifies for the sideline business exception under Section 402(h). Therefore, the referee concluded

---

[2] A claimant engaged in self-employment may not be disqualified from receiving unemployment compensation benefits under Section 402(h) of the Law *if the following conditions are satisfied*: (1) the self-employment began prior to the termination of the claimant's full-time employment; (2) the self-employment continued without substantial change after termination; (3) the claimant remained available for full-time employment; and (4) the self-employment was not the primary source of the claimant's livelihood. *FSI Trading Co. v. Unemployment Compensation Board of Review*, 627 A.2d 270, 272 (Pa. Cmwlth. 1993).

[3] "If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence. In the absence of all parties, the decision may be based upon the pertinent available records. The tribunal may take such other action as may be deemed appropriate." 34 Pa. Code §101.51.

that Claimant was ineligible for unemployment compensation benefits and reversed the service center's determination.

> Claimant appealed to the Board. In her appeal petition, she stated:
>
>> I was unable to attend my 3-21-17 hearing and I sincerely apologize. However, my appeal was for a clarification of [the] weekly amount I was receiving and as a result my benefits were revoked. *I was approved for benefits on 3-16-2016 at a hearing so I am confused*.

Record Item 10 (emphasis added). Unfortunately, Claimant did not provide any reason for her non-appearance. Also unfortunately, Claimant did not request another opportunity to offer evidence.[4] Consequently, Claimant did not present any testimony or other competent evidence regarding whether she satisfied the four-part test that her self-employment business was non-disqualifying. *See FSI Trading Co. v. Unemployment Compensation Board of Review*, 627 A.2d 270, 272 (Pa. Cmwlth. 1993).

> The Board affirmed the referee's decision, adopting and incorporating the referee's findings and conclusions of law. Our scope of review requires that we affirm the Board's decision unless constitutional rights were violated, an error of law was committed, or necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Simmons v. Unemployment Compensation Board of Review*, 565 A.2d 829, 832 n.4 (Pa. Cmwlth. 1989). Given the absence of competent record evidence that the time Claimant devoted to her self-employment had not significantly increased, that Claimant's self-employment income had not changed, and that her self-employment

---

[4] The Board may grant a request for reconsideration and rehearing where there is good cause. 34 Pa. Code §101.111.

was not her primary source of income, the Board's determination is supported by the record. *FSI Trading Co.*

The Majority contends that the referee "[did] not allow [Claimant] to present evidence." Majority, slip op. at 6. As this statement confirms, the Majority misinterprets the unfortunate result of Claimant's inaction as reflecting a denial of due process.[5] In doing so, the Majority reasons that Claimant, who was *pro se*, "*was not informed*" that her appeal of the deduction amount "would place her very eligibility for benefits at issue." Majority slip op. at 4-5 (emphasis added). However, the record belies this statement, as the hearing notice *expressly informed Claimant that the specific issue to be considered in the appeal hearing was whether Claimant was engaged in self-employment.* Record Item 5.

---

[5] The Pennsylvania Unemployment Compensation Handbook, informs claimants as follows:

> You may appeal a UC service center determination within 15 days of the mailing date of the determination. Follow the appeal instructions that accompany the determination. Your appeal will result in a hearing before a referee, usually within 30 days after you file your appeal. Approximately seven to ten days before the hearing date, the referee's office will mail you a hearing notice with the date and time of your hearing and other instructions. The referee will make a decision based on the testimony and [other] evidence presented at the hearing. You should present all of your evidence at the hearing because it is your only opportunity to do so. You should receive a decision from the referee within two weeks of the hearing date. . . .
> The UC Board of Review will render a decision based upon the evidence that was presented at the hearing before the Referee.

*https://www.uc.pa.gov/unemployment-benefits/handbook/Pages/default.aspx* *(*Last visited December 16, 2019.)

In Claimant's petition for review, she asserts that a referee found her eligible for benefits in 2016 and *calculated her net income properly under 34 Pa. Code §65.121*. She contends that when she applied again in 2017, the referee calculated the weekly deduction incorrectly and failed to rely on the net income reflected on her 2016 Schedule C.[6] Claimant asserts that she appealed in order "to clarify a math miscalculation, not to determine my benefit eligibility." Petition for Review ¶¶1-4.

In her appellate brief, Claimant raises three issues: 1) whether the Board erred in misunderstanding the nature of her appeal request; 2) whether the Board erred in finding that she is ineligible for benefits based on her sideline business; and 3) whether Claimant was able to attend the hearing scheduled for March 21, 2017.[7] Claimant's brief, Statement of Questions Involved.

Claimant argues that the Board erred in misunderstanding the nature of her appeal and that the issue decided by the referee was different from, and irrelevant to, the issue stated on her appeal form. Addressing this issue, the Majority reasons

___

[6] Citing *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545 (Pa. Cmwlth. 2018), the Majority concludes that this matter "must be remanded" because "*it is apparent*" that the local service center relied on an unauthorized and unreasonable regulation in calculating Claimant's deduction. Majority slip op. at 2-3 n.5 (emphasis added). However, in contrast to the facts before us, the claimant in *Lerch specifically challenged the validity of the regulation at 34 Pa. Code §65.121*, which *limited the deductions from gross income* that could be used to calculate net income. Here, the Majority *sua sponte* raises the holding in *Lerch*. It then determines that a case regarding the *computation* of net income applies to Claimant's *different* contention, which is that her net income, *rather than gross income*, should have been used in the calculation of her deductible.

[7] For the first time, Claimant contends that her absence at the referee's hearing was the result of her daughter's school delay, which required her to drive her daughter to school and caused her to miss the hearing. Had Claimant presented these assertions in her appeal to the Board, the Board might have construed her argument as a request for a rehearing or reopening of the record. 34 Pa. Code §101.111. However, Claimant failed to raise this issue in her appeal to the Board. As a result, this issue is waived on appeal to this Court. Pa. R.A.P. 1551(a).

that because Claimant was unaware that filing an appeal to the referee would risk her eligibility determination, this Court may deviate from that well-settled law.

It is well-established that on appeal from a determination of the local service center, the referee or Board is limited to consideration of "the issues expressly ruled upon" by the local service center, unless the parties agree otherwise. 34 Pa. Code §101.87; *Bilsing v. Unemployment Compensation Board of Review*, 382 A.2d 1279, 1280-81 (Pa. Cmwlth. 1978).

The regulation states:

> When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

34 Pa. Code §101.87. Additionally, when the notice of hearing advises a claimant of the specific issue to be considered at the referee's hearing, the claimant has been apprised of the issue and is not unfairly surprised. *See Simmons v. Unemployment Compensation Board of Review*, 565 A.2d 829, 831-32 (Pa. Cmwlth. 1989) (holding that where the notice of hearing indicated that the specific issue to be considered was whether the claimant's unemployment was the result of willful misconduct, the claimant was duly informed of the defense prior to the hearing and was not unfairly surprised).

In *Lenz v. Unemployment Compensation Board of Review*, 432 A.2d 1149 (Pa. Cmwlth. 1981), the local service center ruled that the claimant was not ineligible for benefits under Section 402(b) of the Law because she had good cause for voluntarily leaving her employment, but held that she was ineligible under

Section 401(d)(1) because she was not available for work. The claimant appealed, and a referee concluded that the claimant was ineligible under Section 402(b) of the Law. The Board affirmed the referee's decision.

On further appeal, this Court affirmed, stating:

> We recognize that *the claimant probably did not intend* to reopen the inquiry into her cause for leaving employment, *for that issue involving Section 402(b) had been resolved in her favor* by [the local job center], but this issue had been expressly ruled upon by the [local service center] in its determination notice, and, according to 34 Pa. Code §101.87, it was therefore a proper area for inquiry at the referee's decision.

432 A.2d at 1150 (emphasis added).

In *Mazur v. Unemployment Compensation Board of Review*, 193 A.3d 1132, 1135 (Pa. Cmwlth. 2018), this Court explained:

> Section 101.87 of the [Board's] Regulations specifies that, "[i]n hearing the appeal [from the UC Service Center's determination,] the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed." 34 Pa. Code §101.87. This Court has specifically declared that although the UC Service Center concludes in a claimant's favor that she voluntarily left her employment with cause of a necessitous and compelling nature and the claimant did not intend to reopen that issue, it remains a proper area of inquiry for the referee. *Lenz v. Unemployment Comp. Bd. of Review*, [432 A.2d 1149 (Pa. Cmwlth. 1981)]. Moreover, Section 101.107(b) of the [Board's] Regulations further specifies, in relevant part: "The [Board] shall consider the issues expressly ruled upon in the decision from which the appeal was filed." 34 Pa. Code §101.107(b). Based thereon, this Court has held that when a referee expressly rules on an issue, the [Board] has jurisdiction to rule on it. *Jordan v. Unemployment Comp. Bd. of Review*, [547 A.2d 811, 813 (Pa. Cmwlth. 1988)]. Accordingly, the [r]eferee in the instant matter

> properly considered whether [the claimant] had a necessitous and compelling reason for quitting, and the [Board] properly reviewed the [r]eferee's decision.

193 A.3d at 1135. *See also Thiessen v. Unemployment Compensation Board of Review*, 178 A.3d 255, 259-60 (Pa. Cmwlth. 2018); *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 343 (Pa. Cmwlth. 2008); *Black Lick Trucking, Inc. v. Unemployment Compensation Board of Review*, 667 A.2d 454, 458 (Pa. Cmwlth. 1995); *Jordan*, 547 A.2d at 813; *Wilder & Miller, P.C. v. Unemployment Compensation Board of Review*, 525 A.2d 852, 855 (Pa. Cmwlth. 1987).

Similarly, here, although Claimant intended to appeal only the prorated deductible amount, the local service center determined her ineligibility under Section 402(h) and made findings to that effect. Therefore, the referee did not err in analyzing her ineligibility under Section 402(h), and the Board properly affirmed the referee's decision. The Majority's holding, insofar as it establishes an "enlarging the scope of appeal" doctrine, squarely conflicts with our precedent, which, I submit, remains binding unless and until it is expressly overruled.

Claimant's remaining argument is that the Board erred in determining that she was ineligible under Section 402(h).[8] In support of this argument, Claimant

---

[8] Section 402(h) provides that an employee shall be ineligible for compensation for any week:

> (h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity . . . undertaken while customarily employed by an employer in full-time work . . . and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received

relies on the March 16, 2016 referee's determination that her business was a non-disqualifying sideline business. That decision is not a part of this record, nor is the evidence upon which it is based. Moreover, a decision as to eligibility in one claim period is not conclusive as to eligibility in a separate and distinct claim period. *High v. Unemployment Compensation Board of Review*, 479 A.2d 967, 968-69 (Pa. 1984).[9]

The Majority recognizes the referee's authority to decide a matter based upon the pertinent available records. 34 Pa. Code §101.51. However, based on the referee's legal conclusion, the Majority infers that he failed to conduct a careful review of the competent documentary evidence. *But see* Referee's decision at 2. I believe the Majority misinterprets the referee's assessment of hearsay statements as a capricious disregard of competent evidence. Further, in doing so the Majority implicitly determines that the hearsay statements in Claimant's initial claims form would, if credited, support additional findings of fact.

The propriety of that analysis aside, the records submitted to the Department included Claimant's 2016 1040, Schedule C tax form, which was consistent with Claimant's representations *about the income she had derived* from her self-employment. The Majority does not identify competent evidence regarding the time Claimant spent on her self-employment business after her separation from

> by the employe with respect to such activity shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the department.

43 P.S. §802(h).

[9] Accepting Claimant's argument that the 2016 referee's decision already decided that her self-employment was a sideline business activity would disregard this well-settled principle and would render her not disqualified for benefits under section 402(h) in perpetuity.

Goodwill. *See Risse v. Unemployment Compensation Board of Review,* 35 A.3d 79, 82 (Pa. Cmwlth. 2012); *LaChance v. Unemployment Compensation Board of Review*, 987 A.2d 167, 171 (Pa. Cmwlth. 2009).[10] Absent evidence reflecting that Claimant's self-employment continued without substantial change, a remand for reconsideration of that same evidence is unwarranted and would serve no purpose.

> *Risse*; *LaChance*.

To overcome the evidentiary deficiency, the Majority relies on *Quigley v. Unemployment Compensation Board of Review*, ___ A.3d ___ (Pa. Cmwlth. No. 1449 C.D. 2017, filed January 28, 2020), which, in my view, inexplicably held that imputing knowledge of the Board's published regulations to a claimant frustrates the Law's remedial and humanitarian purposes.[11] As in *Quigley*, the Majority holds that

---

[10] In *Risse*, we explained that in determining whether a claimant's self-employment substantially changed after his full-time employment ended, the focus is on whether the claimant was working in the sideline activity for significantly more hours than he did prior to his separation. We held that the Board erred in relying on the significant increase in the claimant's earnings from his sideline activity and that, where there was no change in the claimant's self-employment activities, the increase in earnings after his separation was not sufficient to establish that the claimant was transitioning a sideline activity to full-time employment.

In *LaChance*, we acknowledged the rule that "claimants who engage in business and the solicitation of clients have been viewed as self-employed, regardless of whether the claimants received any income from those efforts." 987 A.2d at 173 (citation omitted). We held that where the claimant had significantly increased the amount of time he spent in his sideline business, the fact that he generated no income did not preclude a determination that he was ineligible for unemployment benefits under Section 402(h) of the Law. *Id.*

[11] In *Quigley*, the claimant appealed the calculation of an award of benefits under Section 402(h) but did not appear at the referee's hearing. The referee affirmed, and the claimant appealed to the Board, challenging only the benefit amount. The Board reversed the referee's decision, holding that, because the claimant failed to present evidence at the hearing, she did not meet her burden to demonstrate eligibility under section 402(h) of the Law.

The claimant in *Quigley* did not, as the Majority states, argue that the Board lacks the authority to *sua sponte* change the scope of a claimant's appeal. Indeed, in *Quigley* the claimant's

---

an appellant who fails to attend a scheduled hearing and does not request another opportunity to present evidence has been deprived of her right to due process. This is absurd.

Ironically, after alleging the referee erred by *sua sponte* addressing Claimant's eligibility for benefits, and despite this Court's limited scope of appellate review, the Majority *sua sponte holds* that by addressing the issue of Claimant's eligibility, the referee acted in a prosecutorial role and improperly comingled the prosecutorial and adjudicatory functions of the Department. Again, this is a conclusion squarely in conflict with our precedent under 34 Pa. Code §101.87.[12]

Finally, overlooking Claimant's opportunities to present evidence (such as by attending the hearing, requesting a continuance, requesting reopening of the record) as well as her failure to raise a cognizable issue to the Board, the Majority inexplicably disregards the fundamental precept of issue preservation. Pa. R.A.P. 1551. That Claimant is *pro se* does not support excusing her legally insufficient effort to correct the error she alleges. Simply, the inadequacy of a *pro se* litigant's efforts does not compel the conclusion that due process was denied. Indeed, we have repeatedly held that a *pro se* litigant is not entitled to more deference than a counseled party.

---

petition for review asserted that the Board's decision "was not fair," and her brief argued that the Board's determination that she was ineligible for benefits "was incorrect." Ironically, the majority opinion in *Quigley sua sponte* raises both the question of the *Board's authority* and the comingling of prosecutorial functions.

[12] *See also Powell v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1418 C.D. 2017, filed February 1, 2019) (rejecting the assertion that the relationships among the department, referees and Board implicate due process concerns under *Lyness v. State Board of Medicine*, 605 A.2d 1204 (Pa. 1992)).

Here, however, the Majority sympathetically responds to the result of Claimant's uncounseled efforts by overlooking the remedies that were available to her, and by absolving Claimant from consequences of rules that would unquestionably apply to a counseled litigant. I submit that such straining of applicable legal principles to offer relief risks injury to the law and implicates equal protection.

I note that while the Law itself is comparatively straightforward, its application frequently involves sympathetic claimants and circumstances in which this Court "is constrained" to be faithful to the statute and this Court's precedent. This is another such case.

Accordingly, I would affirm the Board's decision.


_____
MICHAEL H. WOJCIK, Judge

Judge Cohn Jubelirer joins in this dissent.