**[J-1-2021] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


| | |
|---|---|
| CAITLIN QUIGLEY, | : No. 20 EAP 2020 |
| | : |
| Appellee | : Appeal from the Order of |
| | : Commonwealth Court entered on |
| | : 1/28/2020 at No. 1449 CD 2017 |
| v. | : vacating/remanding the Order |
| | : entered on 8/8/2017 by the |
| | : Unemployment Compensation Board |
| UNEMPLOYMENT COMPENSATION | : of Review at No. B-17-09-G-2764. |
| BOARD OF REVIEW, | : |
| | : ARGUED:  March 9, 2021 |
| Appellant | : |


**DISSENTING OPINION**


**JUSTICE MUNDY**                                              **DECIDED:  November 17, 2021**

The issue presented in this appeal is whether the Unemployment Compensation Board erred as a matter of law by considering whether Caitlin Quigley (Claimant) was ineligible for unemployment compensation (UC) benefits pursuant to Section 402(h) of the Pennsylvania Unemployment Compensation Law[1] (UC Law)[2] in its review of a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

[2] Section 402(h) of the UC Law provides that a claimant is ineligible for UC benefits in any week in which he or she

> is engaged in self-employment:  Provided, however, [t]hat an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity . . . while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this act and continued subsequent to

decision by a UC referee upholding an award of benefits to Claimant. I join in full the well-reasoned Dissenting Opinion authored by Justice Donohue, which concludes the Board did not err in considering whether Claimant was ineligible for UC benefits under Section 402(h) of the UC Law. I write separately to further elaborate on the administrative process surrounding claims for UC benefits.

Section 501(a) of the UC Law provides that when a claimant files an application for UC benefits the Department must "promptly examine" the application, "determine whether or not the application is valid," and provide notice to the claimant and each base-year employer of whether the claimant is eligible for benefits under Section 401 of the UC Law, 43 P.S. § 801 (setting forth the "Qualifications Required to Secure Compensation."). 43 P.S. § 821(a).

The UC Law sets forth the procedure under which a party may appeal an initial determination of the Department. Additionally, the Department has adopted procedural regulations which govern UC appeals.[3] When a party appeals the initial determination of the Department, the UC Law provides that an appeal may proceed to a referee or directly to the Board. However, most appeals proceed to a referee first. Section 502 of the UC Law authorizes a reviewing referee to "affirm, modify, or reverse" the determination of the Department. 43 P.S. § 822. Section 101.87 of the Department's regulations provides that "when an appeal is taken from a decision of the Department, the Department shall

---

separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received by the employe with respect to such activity shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the [D]epartment.

43 P.S. § 802(h).

[3] Section 201(a) of the UC Law grants the Department the power to adopt rules and regulations. 43 P.S. § 761(a).

be deemed to have ruled upon all matters and questions pertaining to the claim" for compensation and the referee "shall consider the issues expressly ruled upon in the decision from which the appeal was filed." 34 Pa. Code § 101.87.

Parties may appeal a referee's decision to the Board, who is the final arbiter in UC matters. *See Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008); *see also Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1385 (Pa. 1985). Section 203(d) of the UC Law imposes upon the Board the duty "to hear appeals from claims for compensation." 43 P.S. § 763(d). Pursuant to Section 504 of the UC Law, the Board is authorized to "affirm, modify, or reverse" the determination or decision under review. 43 P.S. § 824. In doing so, Section 101.106 of the Department's regulations allows the Board to "review both the facts and the law pertinent to the issues involved on the basis of the evidence previously submitted, or direct the taking of additional testimony." 34 Pa. Code § 101.106. As provided by Section 101.107(b) of the Department's regulations, the Board "shall consider the issues expressly ruled upon in the decision from which the appeal was filed." 34 Pa. Code § 101.107(b).

Sections 101.87 and 101.107(b) of the Department's regulations provide that in its review of an appeal, the reviewing referee and the Board "shall consider the issues expressly ruled upon in the decision from which the appeal was filed." 34 Pa. Code. §§ 101.87, 101.107(b). We have previously recognized "[t]he word 'shall' by definition is mandatory, and it is generally applied as such" except where the context indicates otherwise." *Chanceford Aviation Props., L.L.P. v. Chanceford Twp. Bd. of Supervisors*, 923 A.2d 1099, 1104 (Pa. 2007). Therefore, upon review of the foregoing regulations, it is clear that all issues the Department addressed in its initial determination "the referee should likewise address, and the Board in turn should decide all of the issues the referee

considered, regardless of whether a party specifically raised the issue on appeal to the Board." *Black Lick Trucking, Inc. v. Unemployment Comp. Bd. of Review*, 667 A.2d 454, 457 (Pa. Cmwlth. 1995); *see also Jordan v. Unemployment Comp. Bd. of Review*, 547 A.2d 811, 812-813 (Pa. Cmwlth. 1998).

In the present case, the record reflects that in its initial determination the Department examined whether Claimant was ineligible for UC benefits pursuant to Section 402(h) of the UC Law. Reproduced Record (R.R.) at 013.[4] As such, pursuant to the mandate of Section 101.87 of the Department's regulations, the referee was required to consider whether Claimant was ineligible for UC benefits under Section 402(h) of the UC Law in its review of the Department's initial determination regardless of whether a party raised the issue. The record indicates the referee complied with this mandate as the referee expressly concluded in her decision that Claimant that was "NOT DISQUALIFIED from receiving compensation under" Section 402(h) of the UC Law. R.R. at 041 (emphasis omitted). Therefore, because the referee specifically examined[5] whether Claimant was ineligible under Section 402(h) of the UC Law, the Board, under

---

[4] The pagination of the reproduced record filed by the Board in this matter does not comply with Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173. However, for ease of discussion, I cite to the reproduced record as submitted by the Board.

[5] The Majority concludes that the referee did not expressly rule on the issue of whether Claimant was ineligible for UC benefits pursuant to Section 402(h) of the UC Law. Majority Opinion at 30. The Majority acknowledges that the referee specifically wrote that Claimant was not disqualified from receiving UC benefits under Section 402(h) of the UC Law, but concludes that this is simply "a restatement of the Department's resolution of this issue, and not the referee's own independent reasoned decision regarding this question." Majority Opinion at 30. Respectfully, I cannot agree with this conclusion as such an understanding would not comport with the mandate of Section 101.87 of the Department's regulations that the referee "shall consider the issues expressly ruled upon in the decision from which the appeal was filed." 34 Pa. Code § 101.87. As the Department considered whether Claimant was ineligible for benefits under Section 402(h), the referee was likewise required to examine the issue.

Section 101.107(b) of the Board's regulations, was required to consider this issue regardless of whether a party raised the issue. The Board did so and ultimately concluded based upon the record before it that Claimant was ineligible for UC benefits under Section 402(h) of the UC Law. R.R. at 051-052.

In this regard, Claimant's case is similar to *Jordan*. There, the claimant was employed by a company in the business of refinishing furniture and kitchen cabinets. While employed with this company, the claimant began refinishing furniture and kitchen cabinets on the side, in his spare time. The employer viewed the claimant's activities as directly competing with its business and, as such, terminated the claimant's employment. Thereafter, the claimant filed for UC benefits. Upon review, the Department determined Claimant was ineligible for benefits under Section 402(e)[6] and (h) of the UC Law. The claimant appealed to a referee who, upon review, concluded that the claimant was eligible for benefits under Section 402(e) but was ineligible under Section 402(h). The claimant then "filed an appeal with the Board in which he indicated that he was appealing the referee's denial of benefits under 402(h) but was not appealing the referee's decision that he was not ineligible for benefits under 402(e)." *Jordan*, 547 A.2d at 812. The Board reversed the referee and concluded that the claimant was ineligible for benefits under both Section 402(e) and (h).

The claimant appealed the Board's decision to the Commonwealth Court. Before that court, the claimant argued that "the Board did not have jurisdiction to address the issue of whether he was ineligible for benefits under Section 402(e)" because he only appealed the referee's decision with respect to his ineligibility under Section 402(h).

---

[6] Section 402(e) of the UC Law provides that a claimant is ineligible for UC benefits where his or her "unemployment is due to [] discharge or temporary suspension from work for willful misconduct connected with [] work, irrespective of whether or not such work is 'employment' as defined in this act." 43 P.S. § 802(e).

*Jordan*, 547 A.2d at 812. The Commonwealth Court disagreed. The court reviewed Sections 101.87 and 101.107(b) of the Department's regulations and after review concluded that "while [the] claimant did not want the Board to review the issue of whether he was ineligible for benefits under Section 402(e), that issue was expressly ruled upon in the referee's decision from which the present appeal was filed." *Jordan*, 547 A.2d at 814. As such, the Commonwealth Court held that "the Board had jurisdiction to rule on" whether the claimant was ineligible for UC benefits under Section 402(e). *Jordan* 547, A.2d at 813.

Here, while Claimant may not have wished the Board to examine whether she was ineligible for UC benefits under Section 402(h), that issue was expressly examined by the Department and the referee and, therefore, the Board was compelled to address the issue by Section 101.107(b) of the Department's regulations. In light of this, I cannot conclude that the Board erred as a matter of law by examining an issue the Department's regulations required it to examine. Accordingly, as I would reverse the order of the Commonwealth Court, I must dissent.

Justice Donohue joins this dissenting opinion.